## (October 19, 1939.)

In the Matter of the Application of PAUL CROSBIE, Appellant, against S. HOWARD COHEN and Others, Commissioners of Election Constituting the Board of Elections of the City of New York, and JOHN J. O'CONNOR, Respondents, for an Order Declaring Valid and Proper the Nominating Petition Filed with the BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Nominating the Petitioner as Candidate for the Office of Councilman of the City of New York, and Directing the Printing of His Name on the Official Ballot to Be Used in the General Election on November 7, 1939.— Appeal from an order denying petitioner's application for an order directing the board of elections of the city of New York to print his name upon the official ballot to be used at the general election to be held on November 7, 1939. The petition for an independent nomination when authenticated by a witness shall be authenticated as provided by section 135 of the Election Law. (Election

Law, § 137.) Section 135 of the Election Law, as amended by chapter 652 of the Laws of 1939, provides that the petition may be authenticated as to all the signatures upon a separate sheet, by appending at the bottom of such sheet an affidavit of a witness, who is a duly qualified voter of the State, as to the subscription thereof, " substantially as follows," setting forth the form. In addition to providing for name and address, it is required that the election district and Assembly district of the witness be stated. The petition filed with the board of elections omitted the election district and Assembly district of the witness. The name and address of the signer are mandatory. (*Matter of Dorsey v. Cohen*, 268 N. Y. 620.) A statement of the Assembly and election districts is directory and required in order to facilitate inquiry. Where the correct residence address is given, error in election or Assembly district number is not fatal to validity. (*Matter of Stapleton*, 257 App. Div. 1072.) Omission to state the election or Assembly district does not make the petition defective. An accurate statement of residence address affords full opportunity for any inquiry that may be initiated. The nominating petition is otherwise valid. Order denying motion to print petitioner's name on ballot reversed on the law, without costs, and motion granted, without costs. Lazansky, P. J., Carswell and Close, JJ., concur; Johnston and Taylor, JJ., dissent and vote to affirm with the following memorandum: The statute (Election Law, § 135, as amd. by Laws of 1939, chap. 652, effective June 1, 1939) expressly provides that the petition must set forth the residence and election district of the signer, and, " In the city of New York, the petition must also set forth the Assembly district in which the signer resides." The statute also provides that the affidavit of the witness shall show that the residence of the voter as well as the residence from which he was last registered " is in the (fill in number) election district of the (fill in Assembly district, if in New York city, ward in any other city, or town, if outside city)." Section 137, subdivision 2, of the Election Law provides: " The petition shall be verified by the signers, or authenticated by witness, in the manner provided in section one hundred and thirty-five, in respect of a designating petition." In the instant case the affidavit of the subscribing witness does not set forth the election district or the Assembly district in which the witness resides. This is a substantial and fatal omission and the petitions are invalid. (*Matter of Dorsey v. Cohen, supra.*) *Matter of Stapleton (supra)* is readily distinguishable. In that case an attempt was made to comply with the statute but an error in the numbering of the election district was made and we held that the error did not invalidate the petition and there was substantial compliance with the statute. Here, no effort was made to comply with the statute as amended.