In the Matter of the Application of ROBERT WEISBERGER, a Candidate Aggrieved, Petitioner, Appellant, against S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, and DANIEL A. CROWLEY, Objector Herein, Respondents, for an Order Declaring Valid, Proper and Legally Effective the Designating Petitions Filed with the Board of Elections of the City of New York, Designating the Petitioner Herein as Candidate for the Office of Member of Assembly of the 1st Assembly District, New York County, and Placing Petitioner's Name on the Official Primary Ballot for the Democratic Primary Election to Be Held on the 17th day of September, 1940.

First Department, October 25, 1940.

*Benjamin Gassman,* for the appellant.

*John T. Dooling,* for the objector-respondent, Daniel A. Crowley.

*Russell Lord Tarbox* of counsel, for the respondents S. Howard Cohen and others, constituting the board of elections of the city of New York.

PER CURIAM. In this case the board of elections has found that out of the total of 1,413 names appearing upon the petition, 315 were irregular for various reasons. The court below found that there were forgeries appearing upon the sheets authenticated by the witnesses Rofrano and Williams, and by the petitioner Weisberger. Rofrano had authenticated 113 signatures, Williams 20 signatures, and *Weisberger, the candidate,* 123 signatures. The candidate called no witnesses and submitted no proof.

We thus have a petition in which over twenty per cent of the signatures are concededly irregular and where the sheets authenticated by the candidate himself and two other witnesses contain forgeries and false affidavits by these witnesses. In the absence of some proof that the remaining signatures on the petition were in fact valid, the petition should be rejected. This is not a case where the misguided enthusiasm of a solicitor has resulted in some irregularities. It is shown that the candidate himself actively participated in the fraud and should not be allowed to benefit thereby, especially in the absence of some explanation.

The order appealed from should be affirmed.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur; UNTERMYER, J., dissents and votes to reverse and grant the motion.

UNTERMYER, J. (dissenting). I find no provision of law which allows a petition duly signed by the number of persons specified in section 137 of the Election Law to be invalidated on account of the invalidity of signatures in excess of the number required by

law. To do so results in disfranchising all those who properly signed the petition. (See *Matter of Burke* v. *Terry*, 203 N. Y. 293.) An earlier provision to that effect (former section 123 of the Election Law), though carefully limited in scope, was expressly repealed by the Legislature.

I do not concur in the view that the court is justified in assuming the petition to be fraudulent in its entirety if twenty per cent of the signatures are irregular, even if that issue were presented here. The burden would still rest on the objecting party to demonstrate that the petition was not regularly signed by the number of persons required by the Election Law. I do not consider, however, that that issue is presented here, for the reason that if all the signatures challenged by the filed specifications are rejected there yet would remain more than sufficient valid signatures to satisfy the requirements of the Election Law.

The order should be reversed and the motion granted.

Order affirmed.