In the Matter of RALPH D. WHITING et al., Petitioners, against STANLEY TAUB et al., as Commissioners of Elections for Broome County, Respondents

Supreme Court, Special Term, Broome County, September 25, 1946.

*Harry S. Travis* for petitioners.

*Charles P. O'Brien, County Attorney,* for respondents.

*Samuel H. Pearis, amicus curiæ.*

DEYO, J.  On objections and specifications properly filed, and after a hearing having been had, the Commissioners of Elections of Broome County have declared invalid the petition for the independent nominations of the above-named candidates for public office, on the grounds that said petition failed to comply with section 137 of the Election Law.  The particular reasons assigned for invalidity are that said petition fails to state the

name of the political subdivision wherein the respective designees seek office, and fails to specify the place of business of each designee.

I am of the opinion that the grounds first assigned cannot be sustained. The titles of the various offices do appear on the petition and that is all the statute requires. True, they are not set forth in full, but the political subdivision involved is self-evident from the petition itself. No one was or could be misled by the omission, and to my mind there was a " substantial " compliance with the statute, which is all that is necessary. I am not unmindful of the fact that somewhat similar defects were held fatal in *Matter of Bruno* (*Voorhis*) (N. Y. L. J., Oct. 27, 1927, p. 439, col. 1) where the petition stated that the office sought was " Alderman," without specifying the district, and in *Matter of Buchler* v. *Cohen* (265 N. Y. 605) where the particular Congressional district was not set forth. It should be noted, however, that these cases arose in the city of New York, where the factual situation was by necessity, vastly different from that encountered in the town of Conklin. Moreover, it has been more recently held in this department, that the missing words setting forth the particular political subdivision wherein the candidate seeks office may be added by order *nunc pro tunc*. (*Matter of Richardson* [*Taub*], Tompkins County, Special Term, HEATH, J., July, 1943, affd. 266 App. Div. 920; *Matter of Gorman* v. *Taub*, Tompkins County, Special Term, HEATH, J., July 17, 1943, affd. 266 App. Div. 920.) The cases involving the omission of the residence, election district, town or city and the assembly district of signers of petitions do not seem to me to be in point. These requirements are made mandatory by section 137 of the Election Law and are for the obvious purpose of making identification more certain and for the prevention of fraud. (*Application of Pinto*, 51 N. Y. S. 2d 42.) In the instant case the mandatory provisions of the section have been complied with, at least in part, and the failure to set forth the full title of the office could not possibly lead to any confusion or further any fraudulent purpose, particularly where the political subdivision involved is so obviously and easily discernible from the face of the petition. I am entirely in accord with the decision of the commissioners as to the effect of the failure to set forth the place of business of the candidates. This omission is directly contrary to the requirements of section 137 of the Election Law. An out-and-out omission can hardly be said to constitute " substantial " compliance. The situation here presented is entirely different from an omission of part of an address or a part

of the title of the office sought. Such omissions may be cured by other allegations appearing in other portions of the petitions, which furnish the information required. Not so, however, in this case, since it is impossible to say whether the candidate has no business address, whether it is the same as his home, or whether it is elsewhere. This was very well demonstrated at the hearing, where it was brought out that some of the candidates worked at home, some had no business and some had worked for third parties outside the town. The section says this information must appear on the petitions, obviously, for the better guidance of those asked to sign. It did not so appear, and the petition is therefore fatally defective. No order *nunc pro tunc* may be granted to cure a defect as substantial as this one, and no such order should be granted where the information sought does not appear on the face of the petition.

In passing, it should be noted that prior to the enactment of chapter 597 of the Laws of 1923, section 135 also required the business address of the candidates to be given in designating petitions. Although section 137 has been amended several times, this particular requirement remains. Obviously, the Legislature felt it important that such information be given in the case of independent nominations. Certainly the courts should not attempt to substitute their judgment for that of the Legislature.

The petition is denied, without costs.

Submit order accordingly.