Per Curiam.

These appeals involve primary designating petitions for the nomination of Republican County Committeemen for the Assembly District of Saratoga County. Certain *328 petitions were amended nunc pro tunc, under the authority of an order granted by Mr. Justice Best, so as to show the election districts for which the designations were made. Other petitions, not so amended, and which failed to show the election district immediately following the name of each candidate, are stated to have been held invalid under the order of Mr. Justice Ryan. We do not, however, construe his order to that effect since his final determination, except in one instance, was to dismiss the proceedings.
The form of a designating petition for a primary election is prescribed by statute. (Election Law, § 135.) We are required to give the statute a liberal construction where mandatory provisions are not involved (Election Law, § 330; Matter of Whiting v. Taub, 187 Misc. 660).
The clear purpose of enrolled voters who seek to designate candidates should be given effect if possible, and not frustrated by technical objections relating to matters not of a vital and mandatory nature. It will be noted that in most of the cases where there has been a judicial rejection of a designating petition some fraud, deception or confusion existed as to signatures. Here no such difficulty arises.
Some of the designating petitions stated that the “ public office or party position ” designated was “committeeman ” without stating that “county committeeman ” was intended. In these and some others in which “ county committeeman ” was stated, there was a failure to state in what district of what town or city it was intended that the committeeman was to serve.
But in each instance the “ place of residence ” of the designee was stated, and the election district, as well as the residence, city or town, of the signatories to the petition was shown. These omissions were not fatal to the designating petitions. The places of residence of the designees are given and the information concerning the signatories supplies sufficient indication of the election district intended. The residence of all signatories within single election districts in the various petitions suggests a county committeeman rather than a State committeeman, was intended to be designated.
We feel therefore that the Board of Elections properly accepted the petitions in the form in which they were presented. In view of this holding most of the issues relating to the jurisdiction of Mr. Justice Best are academic.
The order in appeal No. 1 should be affirmed, without costs, except as to the paragraph wherein the petitions' were said to be invalid.
*329 The order in appeal No. 2 should be affirmed, without costs.
The order in appeal No. 3 should be reversed, on the law and facts, without costs, and the Board of Elections of Saratoga County is directed to place on the official ballot of District No. 1 of the town of Northumberland the names of William A. .Sherman, Sr. and/or Marjorie Dyer as candidates for the party positions of members of the Saratoga Republican County Committee.
The order in appeal No. 4 should be dismissed, without costs, on the ground that no appealable question is presented by the record.
Foster, P. J., Heffebnan, Deyo, Bergan and Coon, JJ., concur.
Order in appeal No. 1 affirmed, without costs, except as to the paragraph wherein the petitions were said to be invalid.
Order in appeal No. 2 affirmed, without costs.
Order in appeal No. 3 reversed, on the law and facts, without costs, and the Board of Elections of Saratoga County is directed to place on the official ballot of District No. 1 of the town of Northumberland the names of William A. Sherman, Sr. and/or Marjorie Dyer as candidates for the party positions of members of the Saratoga Republican County Committee.
Order in appeal No. 4 dismissed, without costs, on the ground that no appealable question is presented by the record.