In the Matter of Eva A. Johnson et al., Petitioners, against Walter W. Westall et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.

Supreme Court, Special Term, Westchester County, August 30, 1955.

*Elliot B. Paley* for petitioners.

*John M. O'Rourke* for Katherine K. Wyand and others, respondents.

*Harry G. Herman, County Attorney* (*Francis J. Morgan* of counsel), for Walter W. Westall and others, constituting the Board of Elections, respondents.

BRENNAN, J. The petitioners herein, as candidates for the office of County Committeemen in the second, third and fourth election districts of the Town of Yorktown have instituted this proceeding, under section 330 of the Election Law, to declare invalid certain petitions of other candidates for the same office and to restrain the Board of Elections of this county from printing and placing the names of the respondent candidates upon the ballots to be used at the primary election scheduled to be held on September 13, 1955.

Counsel for the respective parties have conceded that in the second election district thirty-three valid signatures are required; in the third election.district ten valid signatures are required; and that in the fourth election district twenty-four such signatures are required.

The petitioners urge five grounds upon which their application should be granted. Under the first objection, the petitioners contend that all of the designating petitions herein are invalid in that same do not set forth the county wherein the candidates for County Committeemen seek office. It clearly appears, however, that the said candidates are not seeking any national or State public office but that they are seeking office as County Committeemen from specific election districts in the town of Yorktown. The court will and does take judicial notice of the fact that such town is located in Westchester County. In this court's opinion the petitions sufficiently indicate, without possible confusion, the office to which the candidates in question aspire. (*Matter of Pearson* v. *Board of Elections of City of Syracuse,* 284 App. Div. 649.)

Under the second objection, the petitioners contend that certain signatures on sheets 1 and 2 of the petition for County Committeemen for the fourth election district are invalid because of the alteration (opposite each of said signatures) wherein the town of residence designated for each signer was changed from " Yorktown Heights " (which is not a town) to " Yorktown " (which is the correct name of the town in which the signatories reside). In this court's view this objection must be sustained and the twenty-three subject signatures must be disallowed, for the aforesaid changes were not explained, nor was any proof submitted that these changes were made prior to authentication. (*Matter of Warsoff* v. *Cohen,* 289 N. Y. 108; *Matter of Moczydlowski* v. *Westall,* 275 App. Div. 1000.) As a result of the disallowance of the aforesaid twenty-three signatures, there still remain twenty-six unaltered signatures for this

fourth election district wherein twenty-four valid signatures are required.

Under the next objection, the petitioners contend that the petitions for County Committeemen for the third and fourth election districts are invalid by reason of the alleged claim that these petitions fail to state not only the residence addresses of the candidates but also their post-office addresses, which are not the same as their residence addresses. This contention is overruled, for, in this court's opinion, the petitions set forth the particular place of residence (of each candidate) within the election district in the town of Yorktown and immediately following said residence, each petition states the post-office address of the respective candidate. It is this court's view that with respect to the item of addresses, the subject petitions substantially comply with section 135 of the Election Law.

Another objection raised by the petitioners consists of the claim that in the " Statement of Witness " on sheet 3 of the petition relating to the fourth election district there exists an omission in failing to state the town wherein the witness voted at the general election held in 1954. However, in the preceding portions of this statement, the witness states that he was registered for the general election for the year 1954, from his residence in the town of Yorktown; he specifically states such residence; and, in addition, the witness also states the election district wherein he voted at the aforesaid general election. When the statement is read and considered in its entirety, it is clear that the election district mentioned by the witness was intended to refer to the fourth election district of the Town of Yorktown. The failure to repeat the " Town of Yorktown " in the particular blank could not possibly result in deception or confusion and this objection cannot be and is not sustained (Cf. *Matter of Barber* v. *Varney*, 301 N. Y. 669.)

The final contention firmly advanced and earnestly urged by the petitioners has been carefully considered by this court. Under this point, the petitioners assert that with respect to the petitions relating to the second and fourth election districts, two of the candidates, Katherine K. Wyand and Dante E. Spadaccia, who acted as subscribing witnesses thereon, certified to the signatures of certain persons who did not either appear or sign the petitions before them. Because of this irregularity, it is urged that the petitions as to these two candidates should be held invalid in their entirety. These candidates testified before this court. They were frank and straightforward. They specified the names of all those persons who

had appeared and signed before them and they readily acknowledged that the remaining signatories had neither appeared nor signed before them. Nearly all of these last-mentioned persons were subpœnaed and they stated that they had in fact signed these petitions and that they knew the two afore-mentioned candidates. There was no proof and in fact no claim that any of the signatures on the subject petitions were forged. There is no question but that in certifying to signatures of persons who did not appear and sign the petitions before them, these candidates were in error. From a consideration of all of the facts presented including the testimony of the candidates, this court finds that the aforesaid error (which should never be repeated) was not willfully committed with any desire or intent to perpetrate a fraud but that the same resulted from inexperience on the part of one candidate, and from a mistaken belief by the other that the practice followed by her (in accordance with some hearsay custom) was not improper. The court is satisfied that these errors were not committed perversely or with evil design. Under these circumstances, this court is of the opinion that the rule enunciated in the case of *Matter of Weisberger* v. *Cohen* (260 App. Div. 392) should not be extended to apply to the case at bar so as to render the subject petitions invalid in their entirety; rather, it is this court's view that the instant taking of the signatures of those persons who did not appear and sign the subject petitions before these candidates should result only in the disqualification of the particular signatures. (*Matter of Konow* v. *Power,* 284 App. Div. 847, affd. 307 N. Y. 822.) These signatures have been disallowed and deducted from the subject petitions but the remaining signatures, all of which are genuine and were made by persons personally known to the witnesses and who appeared and signed before said witnesses, are sufficient in number to place these candidates on the primary ballot.

Accordingly, the application is denied. Submit order.