69 N.J. Super. 390 (1961)
174 A.2d 365
ALBIN J. EHRHARDT, ET ALS., PLAINTIFFS-APPELLANTS,
v.
ROBERT B. BERGEN, COUNTY CLERK FOR THE COUNTY OF SOMERSET, ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1961.
Decided October 18, 1961.
*391 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Arthur S. Mott, Jr., argued the cause for appellants.
Mr. Robert M. Thompson argued the cause for respondents.
The opinion of the court was delivered by SULLIVAN, J.A.D.
Plaintiff, Albin J. Ehrhardt, a candidate for the office of Township Committee of Warren Township, appeals from the dismissal of his suit to compel the County Clerk of Somerset County to change the form of ballot proposed to be used in the November 7, 1961 general election. After the notice of appeal was served and filed, all of the other candidates for the office of township committee were joined as parties to this suit; Robert W. Harrold and Robert W. Murray as plaintiffs, and Walter Jannelli, Robert L. Horton and William E. Jayne Jr. as defendants.
The facts which are undisputed are as follows. At the time of the 1961 primary election the Township Committee of Warren Township consisted of three members, each of whom had been elected for a term of three years, with the term of one member expiring each year, the vacancy to be filled at the general election in November. In the 1961 primary election, therefore, candidates were selected for the ensuing vacancy in the office of township committee and, as a result of such primary, Ehrhardt was selected as the Democratic candidate and Jannelli as the Republican candidate. No independent filed a petition as candidate for such office. Subsequent to the primary election, and more than 37 days prior to the general election, the 1960 census was promulgated and showed that the population of Warren Township was more than 4,500 persons. By virtue of the new census the township committee was increased to five members, the two additional members to be elected at the *392 next annual election, one for a two-year term and the other for a three-year term. N.J.S.A. 40:146-2.
An increase in the membership of a township committee by virtue of a census promulgation has been held to create vacancies in such office. Michaels v. Johnson, 33 N.J. Super. 77 (App. Div. 1954). Since the vacancies in question had occurred after the primary election and more than 37 days prior to the general election, candidates for such vacancies were selected by the county committee of each political party pursuant to N.J.S.A. 19:27-11. The Democratic county committee selected Harrold as candidate for the office of township committee three-year term, and Murray as candidate for the two-year term. The Republican county committee selected Horton as candidate for the three-year term and Jayne as candidate for the two-year term. No independents filed petitions as candidates for said vacancies although permitted to do so by N.J.S.A. 19:27-11.
The County Clerk of Somerset County, in preparing the form of ballot to be used in the general election, has announced his intention of grouping the candidates for the office of township committee who were nominated in the primary election with the candidates who were selected by the respective county committees to run for the newly created vacancy in the office of township committee, three-year term. The effect of the county clerk's proposed action, and the nub of this appeal, is that these four candidates will be grouped together on the ballot under the legend

"TOWNSHIP COMMITTEE Vote for Two"
The county clerk has indicated his intention of giving the two candidates for the newly created vacancy in the office of township committee, two-year term, a separate position on the ballot under the legend

"TOWNSHIP COMMITTEE 2 year term Vote for One"
*393 All parties have stipulated in writing that such treatment of the office of township committee, two-year term, as a separate and distinct office for purposes of placement on the ballot is legally proper.
Ehrhardt contends that he and Jannelli were selected in the primary election to run for the only ensuing vacancy then existing in the office of township committee and, therefore, they should be given a separate position on the ballot under the heading

"TOWNSHIP COMMITTEE Regular Term Vote for One"
According to Ehrhardt, the vacancy in the office of township committee, three-year term, created by the census promulgation is in a separate office, so that Harrold and Horton, the opposing candidates for the vacancy in such office, should be positioned separately on the ballot under the heading

"TOWNSHIP COMMITTEE New 3-year Term Vote for One"
Otherwise, argues Ehrhardt, he will be running not only against Jannelli, but also against Harrold and Horton, since, under the county clerk's proposed ballot, the electorate can vote for any two of the four candidates.
The county clerk's position is that the four candidates he proposes to group with instructions to "Vote for Two" are candidates for the same office and are required to be grouped under N.J.S.A. 19:14-10 which provides that:
"The names of candidates for any office for which more than one are to be elected shall be arranged in groups * * * which groups shall be separated from other groups and candidates * * *.
To the right of the title of each office shall be printed the words `Vote for ' inserting in words the number of candidates to be elected to such office."
*394 We find the Ehrhardt contention to be without merit and the form of ballot proposed by the county clerk to be in accordance with the statute. Despite the fact that the two vacancies in the office for a three-year term are created by different means, i.e., one by expiration of term and the other by census promulgation increasing the membership of the township committee, the office with its three-year term is the same; and candidates for such office "shall be arranged in groups" with the appropriate legend.
If this procedure were not followed, and the form of ballot proposed by plaintiff were adopted, a candidate might fail of election even though he received a greater number of votes than a candidate who was declared elected. For example, were Ehrhardt to receive 1,000 votes, Jannelli 900 votes, Harrold 800 votes, and Horton 700 votes, and the form of ballot proposed by Ehrhardt were used, he and Harrold would be elected to the office of township committee for a three-year term, and Jannelli would not be elected although he received more votes than Harrold. Such a result would be at odds with the intent and purpose of the election laws.
Ehrhardt's characterization of the two vacancies as existing in separate offices is illusory. The office with its three-year term in each instance is the same, and the county clerk's announced intention to group the four candidates for the two vacancies in such office under the legend "Vote for Two" is not only proper but is required by N.J.S.A. 19:14-10.
Affirmed; no costs.