■ In the Matter of EDWIN H. KING, Respondent, v. EVERETT McNAB et al., Constituting the Board of Elections of Suffolk County, Respondents. LOUIS M. DEMAREST et al., Appellants. In the Matter of LOUIS M. DEMAREST et al., Appellants, v. EVERETT F. McNAB et al., Constituting the Board of Elections of Suffolk County and EDWIN H. KING et al., Respondents.—

Appellants Demarest and Grathwohl, as objectors to the petition nominating King, were necessary parties to the first proceeding. Since the petitioner King failed to join them as parties thereto, the court lacked jurisdiction to make any order affecting the nominating petition (*Matter of Swan* v. *Cohen*, 286 N. Y. 678). It cannot be said that the objectors waived this jurisdictional defect. On the contrary, they affirmatively urged it when they interposed a special appearance in the King proceeding and moved to dismiss it on the ground that they were indispensable parties and had not been served with process. It is also our opinion that, in any event, the nominating petition was defective on its face and that the defect was of such a vital character that it could not be cured by amendment. There were two vacant public offices for Councilmen in the Town of Southold: one for a full four-year term, and one for an unexpired term of two years. The nominating petition failed to set forth whether King's nomination was for one office or the other; he was simply nominated for the office of Councilman. While there is no statutory requirement that the term of any office be stated, nevertheless under the unusual circumstances here — where two identical offices are to be filled but for different terms — a nominating petition which fails to state for which one of the two offices the candidate has been nominated, is fatally defective. Such a defect is not one which can be cured by the filing of a correction certificate by the committee on vacancies. For to permit the committee to make such a correction would be tantamount to empowering it to actually select in the first instance the particular public office for which the candidate shall be nominated. It was never the intent of the Election Law to permit a committee on vacancies to select retroactively the particular public office for which a candidate shall be nominated. Beldock, Christ and Pette, JJ., concur; Nolan, P. J. and Ughetta, J., dissent and vote to affirm the order.