■ In the Matter of REMO J. ACITO et al., Appellants, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and THOMAS MALLEE, Respondents.— Order entered on August 24, 1962, modified on the law and facts to the extent of validating the petition with respect to Election Districts 9, 11, 27 and 39 in the 11th Assembly District, and as thus modified affirmed, without costs. The objection that the subscribing witness failed to designate correctly the election district in which he resides is immaterial (*Matter of Stapleton,* 257 App. Div. 1072; *Matter of Crosbie* v. *Cohen,* 258 App. Div. 738). Nor does the amendment of the statute subsequent to these cases require a different conclusion. The amendment evidences no legislative intention to change the effect of these decisions. The further objection, directed to the 27th Election District with respect to the correction of the number of the Assembly District, cannot be sustained. Such correction may be disregarded in the light of the fact that the address given by the subscribing witness, coupled with the proper election district, clearly indicates that he resides in the 11th Assembly District. In the circumstances no prejudice resulted and no one could have been misled. Motion to dispense with printing granted. Concur — Botein, P. J., Rabin, Stevens, Eager and Steuer, JJ.

■ In the Matter of ANTHONY L. SCHIAVETTI et al., Appellants, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and ANTHONY L. SCHIAVETTI et al., Respondents.— Order entered on August 24, 1962, unanimously modified on the law and the facts to the extent of declaring valid the designating petitions as to John R. Hope and Patricia A. Keenan and otherwise affirmed, without costs. The improprieties of candidates Hope and Keenan were not of such a character as to warrant invalidating the petitions as to them (*Matter of Johnson* v. *Westall,* 208 Misc. 360, affd. 286 App. Div. 966). This cannot be said concerning the conduct of candidate Haughey as found by the Referee. (*Matter of Weisberger* v. *Cohen,* 260 App. Div. 392.) Motion to dispense with printing granted. Concur — Botein, P. J., Rabin, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. CARL EDELSON.— Appeal taken by defendant-appellant from the order of the Court of General Sessions, New York County, entered on May 14, 1959, reinstated and counsel assigned. Concur — Botein, P. J., Rabin, Stevens, Eager and Steuer, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. PAUL SULLIVAN. (B) THE PEOPLE OF THE STATE OF NEW YORK v. JOHN SEYMORE. (C) THE PEOPLE OF THE STATE OF NEW YORK v. IRVING PEREZ.— [In each action] Enlargement of time granted. Concur — Botein, P. J., Rabin, Stevens, Eager and Steuer, JJ.

## SECOND DEPARTMENT, AUGUST, 1962

### (August 20, 1962)

■ ANNE SPOTO, Respondent, v. MICHAEL G. SPOTO, Appellant, et al., Defendant.— Motion by appellant for a stay pending appeal from an order granting respondent's motion setting a new date for the examination of appellant for the purpose of drawing a complaint. Motion granted, on condition that appellants be ready to argue or submit the appeal on October 1, 1962, for which day the appeal is ordered to be placed on the calendar; the papers on appeal and appellant's brief are to be served and filed on or before September 17, 1962. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.