Joseph F. Gagliardi, J.
This is a proceeding under subdivision 1 of section 330 of the Election Law. The applicant has filed objections to the petition designating respondents Ippolito and Petro as Conservative party candidates for the office of “ City Council.” The petition recites their place of residence as addresses in New Rochelle, New York, and lists New Rochelle addresses for the subscribers and witness. The applicant has brought this proceeding to direct the Board of Elections to declare the petition null and void with respect to the election for the public office of “ Councilman, City of New Rochelle, New York.” The occupants of this office are elected at large and not from specific wards or districts.
The standing of this applicant (petitioner) to file objections to the petition with the Board of Elections is not contraindicated by Matter of Dimentstein (Frankle) (184 Misc. 126, affd. 255 App. Div. 722) and is supported by Matter of McKeever v. Hornidge (205 Misc. 362, affd. 283 App. Div. 805, affd. 306 N. Y. 876). (See Matter of Fleishman v. Board of Elections, 31 Misc 2d 326, 327.)
The substantive issue presented in this proceeding is whether the petition is fatally defective for failure to describe the public office as i! Councilman, City of New Rochelle, New York ” as opposed to the way the petition states “ City Council ” without even specifying the city involved. A reader of the petition would have to infer from the New Rochelle addresses of the candidates, signatories and witness that the petition advocates candidacy for the legislative body of the City of New Rochelle. Moreover, the committee on vacancies sets forth the names of three persons who do not reside in New Rochelle.
This petition falls between the petitions in Matter of Lyden v. Katz (29 Misc 2d 1072, mod. 14 A D 2d 820, revd. 10 N Y 2d 891) where the certificates of nomination failed to differentiate between the public offices for five out of six towns, and Matter of Johnson v. Westall (208 Misc. 360, affd. 286 App. Div. 966) where the petitions listed candidates for county committee from specified election districts in specified towns but failed to set forth the name of the county. In the former case, the defects were deemed jurisdictional and the court noted that they might leave the door open for fraudulent or coercive tactics. In the latter case, the court held that the petitions “ sufficiently indicate, without possible confusion, the office to which the candi *900 dates in question aspire ” (p. 362). Here, the nominal distinction between “ City Council ” and “ Councilman ” confuses no one as to the office sought. So, too, the more serious failure to identify the City of New Rochelle as the situs of the “ City Council ” should not be fatal. One can see from the addresses of the candidates, signatories and witness that only a New Rochelle City Council can be involved (cf. Matter of Barber v. Varney, 277 App. Div. 326, affd. 301 N. Y. 669). Accordingly, the proceeding is dismissed.