■ In the Matter of ALFRED R. FAZIO, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and ROWLAND P. HANLEY, Appellant.— Order entered on June 8, 1970, affirmed, without costs and without disbursements, on the opinion of Davidson, J., at Special Term. Concur — Capozzoli, Markewich and Tilzer, JJ.; Eager, J. P., and Steuer, J., dissent in the memorandum by Steuer, J.

STEUER, J. (dissenting) : We would reverse and dismiss the petition.

The respondent's designating petition for male Assembly District Leader, 80th Assembly District, Bronx County, contained more than the required number of signatures. This is true even if the signatures attested to by respondent's brother and sister are excluded. Special Term found that the entire petition was permeated by fraud.

The principle behind the rule which enables the court to reject a petition even though it contains the required number of valid signatures is that proof of actual fraud allows the inference that similar tactics would, if discovered, invalidate other signatures not otherwise challenged (see *Matter of Weisberger* v. *Cohen*, 260 App. Div. 392, 393). Invalidating the petition is not punitive, nor could a determination based on that ground be sustained under the Election Law.

We do not believe that the facts relied on by Special Term establish fraud in the sense in which that word is used in matters of this nature. It was indeed established that several sheets of respondent's petition were attested by his brother and sister. We agree with Special Term that these attesting witnesses were not residents of the Assembly District and that they and the candidate knew where they actually lived. However, the address within the District given by them was of a dwelling then unoccupied. They and respondent owned an interest in the building. There was uncontradicted evidence that they intended to make it their home at a later date. While this would not qualify as evidence of domicile it does at least raise a question whether there was a deliberate attempt to defraud.

Moreover, this was not the type of wrongful conduct from which courts have drawn the inference of permeating fraud. (Attestation by the candidate of over 100 forged signatures, and similar attestations by others [*Matter of Weisberger* v. *Cohen, supra*]; several instances of invalid attestations with proof of evasion by attesting witnesses [*Matter of Aronson* v. *Power*, 22 N Y 2d 759].)

Believing as we do that no inference of fraud permeating the petition can be drawn, the invalidation of the petition amounts to a disenfranchisement of those others who signed the petition, and as such is impermissible (*Matter of Lefkowitz* v. *Cohen*, 262 App. Div. 452, 456, affd. 286 N. Y. 499).