■ In the Matter of JAMES MURRAY et al., Appellants, v. FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents.— In a proceeding to validate petitions designating appellants as candidates in the Democratic Party Primary Election to be held on June 20, 1972 for the party position of County Committeeman for the 41st Election District of the 8th Assembly District, Town of Huntington, Suffolk County, the appeal is from a judgment of the Supreme Court, Suffolk County, entered June 12, 1972, which adjudged said petitions invalid. Judgment reversed on the law, without costs, and petition to validate the designating petitions granted. On May 11, 1972 petitioners personally filed seven designating petition sheets containing 65 signatures; the sheets were unnumbered, but were stapled together, and the Board of Elections gave a receipt for seven sheets; on each of these sheets the word "Huntington" was omitted in the space for "Public Office or Party Position", though the number of the election district was correctly stated; and in various other places on each sheet it was made evident that the position sought was in the Town of Huntington. Later that day, petitioners mailed to the Board of Elections two more designating petition sheets containing 25 names and they were received on May 12; these sheets were numbered 1 and 2; sheet 1 similarly omitted the word "Huntington" in the space for "Party Position"; and sheet 2 contained the town name in that space. Objections were filed with the Board of Elections. The objections treated the two sets of sheets as one petition, in two volumes, and then objected to various signatures in both volumes. The Board of Elections similarly treated the two sets of sheets as one petition in two volumes; it counted volume 2 (the two sheets filed by mail) and the first sheet of volume 1 (the seven sheets personally filed); it invalidated five of the signatures in volume 2; of the nine signatures on the first sheet of volume 1 it invalidated two because one of them was not that of a registered Democrat and the other was that of the subscribing witness; it further ruled that all nine signatures on that sheet were invalid because they did not sufficiently state the signers' post office addresses and also because the subscribing witness' statement did not give her post office address. The board then ruled that the remaining valid signatures did not reach the total of 25 that was required. Special Term confirmed the board's determination, saying that the petition was invalid because it failed to state the name of the town [Huntington] in the space entitled "Public Office or Party Position". We believe Special Term erred and the determination of the board should be annulled and the petition validated. There is here no claim of fraud, deception or confusion because of the omission of the name of the town in the above-indicated space; and the designating petition, read as a whole, clearly shows that the town involved was Huntington. That omission consequently does not invalidate the petition (*Matter of Barber* v. *Varney,* 277 App. Div. 326, affd. 301 N. Y. 669; *Matter of Caffery* v. *Lawley,* 21 A D 2d 749; *Matter of Johnson* v. *Westall,* 208

Misc. 360, affd. 286 App. Div. 966). We further believe the addresses of the signers and the subscribing witness on the first sheet of volume 1 sufficiently complied with the statute. It is permissible to add the seven valid signatures on the first sheet of volume 1 to the 20 on the two sheets of volume 2 to reach a total of 27 valid signatures — a total of two more than the required 25 (*Matter of Turner* v. *Lawley*, 25 N Y 2d 963; *Matter of Rosen* v. *McNab*, 25 N Y 2d 798). *Matter of Gaines* v. *Board of Elections of County of Nassau* (25 N Y 2d 807) is no longer controlling, as it has been overruled by *Matter of Turner* v. *Lawley, supra*. And we believe the rule would be the same even if the two sets of separately filed sheets were deemed separate petitions, instead of one petition in two volumes (*Matter of Turner* v. *Lawley, supra*; *Matter of Rosen* v. *McNab, supra*). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.