131 N.J. Super. 118 (1974)
328 A.2d 650
ADOLPH R. LEPRE, PLAINTIFF,
v.
NICHOLAS V. CAPUTO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 2, 1974.
*120 Mr. William W. Frieman for plaintiff.
Mr. Francis P. McQuade, Essex County Counsel, for defendant.
THOMAS, J.S.C.
Plaintiff Adolph R. Lepre sought to have this court order defendant Nicholas V. Caputo, Essex County Clerk, to change his designation of plaintiff's candidacy for the Caldwell Borough Council on the November 1974 ballot from "Borough Council" to "Councilman 1-Year Unexpired Term." Plaintiff urged in the alternative that he should be permitted to amend a "defective" petition pursuant to N.J.S.A. 19:13-13, or that the order should be entered, by virtue of N.J.S.A. 19:13-12, to prevent an invasion of plaintiff's rights (denial of his right to run for the office of his choice). After a review of the verified petition and the taking of testimony, plaintiff's application was denied. An oral decision was made from the bench at the completion of the hearing so as to provide plaintiff with the ability to effect a timely appeal. This opinion supplements that oral decision.
On April 25, 1974 plaintiff filed a nominating petition with defendant seeking to be placed on the November 5, 1974 ballot as an independent candidate for councilman in the Borough of Caldwell. April 25 was the deadline for the filing of such petitions. Filing as an independent candidate *121 resulted in plaintiff being placed directly on the November 5 ballot, thus bypassing the primary election process.
The dispute in this proceeding arises over which council office plaintiff was seeking. In the November election the Borough of Caldwell had three vacancies for the office of councilman: two for full three-year terms and one vacancy for an unexpired one-year term. Plaintiff in his nominating petition simply stated that the "title of office" sought was "councilman."
Plaintiff contends his intent was to run for the one-year unexpired term, not for one of the full-term positions. He alleges that he had never considered running for the full three-year term, but in fact always sought the unexpired term. Plaintiff also alleges that when his petition was circulated the signers were informed that his petition was for the unexpired one-year term for councilman. Plaintiff thus sought relief from this court to "amend" the title on his petition to accurately reflect the position he sought.
Defendant placed plaintiff on the ballot for a full three-year term, the normal procedure followed when a petition with a designation such as plaintiff's is received. It is this designation which plaintiff contested. The ultimate issue which must be decided is whether the proposed change in designation is merely a correction of a defect in the nominating petition or whether in fact it is a substantive change in the office sought.
The question that first confronts this court is whether the position of councilman for the full three-year term and the position for the unexpired one-year term are two separate and distinct offices. Although there appears to be no New Jersey decision directly on point, this court finds that when, as in the present case, two similar offices are to be filled at an election, each differing only as to the term, the offices are separate and distinct. This distinction has been recognized in grouping different terms of office on the ballot. In Ehrhardt v. Bergen, 69 N.J. Super. 390 (App. Div. 1961), it was held that township committee candidates running for *122 the full three-year term were properly listed together on the ballot under the heading "Township Committee," while the candidates listed for the shorter term were listed as "Township Committee 2 Year Term."
Plaintiff on his nominating petition stated that the title of office sought was "Councilman" it did not state that it was for the office of "Councilman-1 Year Unexpired Term." Therefore, defendant was correct in exercising his discretion by placing plaintiff's name on the November ballot as a candidate for councilman for the full term. Hawkes v. Gate, 129 N.J.L. 5 (Sup. Ct. 1942). If plaintiff desired to run for the one-year unexpired term, he should have so stated on his petition. As the petition was submitted it showed no defect; it stated a proper office and met all other requirements for filing.
A request to amend a petition for office, as allegedly defective, after the deadline for filing the petition must be denied when the proposed amendment changes the office being sought. Changing the office designation to which one seeks election on an otherwise nondefective petition is not remedying a defect. If such an "amendment" were allowed, the opportunity for fraud would prevail. While N.J.S.A. 19:13-13 allows amendments to the nominating petition, it does so only to let a defective petition be corrected. The petition submitted by plaintiff was not defective and thus N.J.S.A. 19:13-13 is inapplicable.
Plaintiff next urges that it was his original intention to file for the one-year term and to deny his amendment now is an invasion of his rights under N.J.S.A. 19:13-12. Plaintiff solicited signatures for his petition and it must be presumed that the signatories read the petition and knew what office plaintiff was seeking when they signed the petition. The purpose of obtaining a petition signed by voters in the district affected is to indicate support for a particular candidate for a particular office. It would constitute a fraud and deception upon the signers of a petition if, after obtaining support for a particular office, a candidate were allowed to *123 amend his petition so as to run for a different office. For example, if a person filed as a candidate for the General Assembly, it would be clear that an attempt to "amend" his petition to run for the State Senate would deceive those who signed his petition to run for the Assembly. Such an amendment might even jeopardize those who had signed the petition by placing them in violation of N.J.S.A. 19:13-4 and 19:13-6, particularly if they had also signed another candidate's petition for the "amended" office.
N.J.S.A. 19:13-12 provides an avenue for relief for an invasion of a candidate's rights, but a candidate has no right to change his petition and seek a different office after the filing deadline. It is therefore axiomatic that a failure to let him do so cannot constitute a violation of his rights.
Plaintiff contends that he is not seeking to change the office being sought, but merely wants to have the petition amended to properly designate the office which he has been seeking, namely, the unexpired one-year term for councilman. To permit such a change the candidate must offer clear and convincing proof that the petition did not properly designate the office he was seeking. He must also satisfy the court by clear and convincing evidence that the signers of the petition were informed that the office sought was not the office stated in the petition.
Evid. R.:1(4) sets forth three standards of proofs: namely, preponderance of the evidence, clear and convincing proof and beyond a reasonable doubt. Comment 1(4)-4 provides that:
The third standard, clear and convincing evidence, falls somewhere between the ordinary civil standard of preponderance of the evidence and the criminal standard of beyond a reasonable doubt. * * * It should produce in the mind of the trier of the fact a firm belief or conviction as to the truth of the allegations sought to be established.
This principle was enunciated in Aiello v. Knoll Golf Club, 64 N.J. Super. 156 (App. Div. 1960), where the clear and convincing standard of proof was applied in establishing *124 plaintiff's burden of proving an alleged parol gift of land. The language adopted in Aiello of an earlier Iowa case, Bevington v. Bevington, 133 Iowa 351, 358, 110 N.W. 840, 843, 9 L.R.A., N.S. 508 (Sup. Ct. 1907), describes appropriately this additional burden placed upon a proponent in clear and convincing situations:
The law requires nothing more than that the result shall not be reached by a mere balancing of doubts or probabilities, but by clear and unequivocal proof of facts upon which a Court or jury may reach a reasonable satisfactory conclusion. In other words the rule does not require absolute certainty, but reasonable certainty of the truth of the ultimate fact in controversy.
Plaintiff testified that when his petition was circulated, those signing were told the office he was seeking was "1-year councilman unexpired term." The bare assertion by plaintiff or any candidate that he advised all the signers of his petition that he was not running for the position stated in the petition, but rather was running for a different office, does not constitute clear and convincing proof sufficient to permit such amendment to the petition after the filing date. Accordingly, the order to show cause why the petition should not be amended is denied.