■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS JAMES HOULLAHAN, Appellant, v WILLIAM LOMBARD, as Monroe County Sheriff, Respondent.—Judgment unanimously affirmed. Memorandum: At the time defendant pleaded· guilty to a crime committed in Monroe County and was sentenced to 90 days, he had been neither arrested nor charged as a fugitive. It was after the sentence was served that defendant was arrested as a fugitive and arraigned on September 18, 1975. CPL 570.36 provides that after arraignment a fugitive may be committed to the county jail not to exceed 30 days without a warrant from the Governor's office. Section 570.40 provides that a fugitive may be detained further for 60 days to await the Governor's warrant. Massachusetts has taken steps to extradite defendant as indicated by a formal rendition request. This will be issued forthwith. The time of the arrest and arraignment as a fugitive starts the period in which the Governor's warrant must be issued. Since the ultimate 90-day period will expire on December 17, 1975, the court properly denied a writ of habeas corpus. (See *People ex rel. Arnold v Allen,* 30 Misc 2d 1031.) (Appeal from judgment of Monroe County Court dismissing writ of habeas corpus.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.

■ In the Matter of RAYMOND E. COOK, JR., Respondent, v WALTER ZELAZNY et al., Appellants.—Order unanimously reversed, without costs, in accordance with the following memorandum: Appellants are candidates for the Liberty Party nomination for the respective offices of Supervisor, Councilman and Superintendent of Highways in the Town of Shelby, Orleans County. In a proceeding commenced in Supreme Court pursuant to section 330 of the Election Law, the court determined that the failure to state the name of the town was a jurisdictional impediment which constituted a fatal defect and declared their independent nominating petition invalid and restrained the Board of Elections of Orleans County from placing appellants' names as candidates of the Liberty Party on the ballots for the general election to be held on November 4, 1975. There is no claim of fraud, deception or confusion because of the omission of the name of the town; and the petition, read as a whole, clearly shows that the political subdivision involved was the Town of Shelby *(Matter of Murray v Coveney,* 39 AD2d 932; *Matter of Johnson v Westfall,* 208 Misc 360, affd 286 App Div 966; *Matter of Praete v Van Wart,* 47 Misc 2d 898; *Matter of Whiting v Taub,* 187 Misc 660). There has been substantial compliance with the Election Law and the board of elections is directed to place the names of the candidates of the Liberty Party on the ballots for the general election to be held on November 4, 1975. (Appeal from order of Supreme Court, Orleans County, in proceeding to invalidate nominating petition.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ. (Order entered October 29, 1975.)