The Honorable W. J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion concerning the certification of an independent candidate for state representative. Specifically, you note that on April 30, the wife of Gene Donn, an independent candidate for state representative, appeared in your office for the purpose of filing the necessary documents to have her husband qualify as an independent candidate for the House of Representatives in the November 1990 general election.
You note that petitions were presented containing enough signatures to have Mr. Donn placed on the ballot as a candidate for the district 70 House of Representatives seat. A problem has arisen, however, in that on the petition (a form petition provided by your office for independent candidates to any office), in the space provided for the designation of the office sought, the words "State Representative" appear, but then under the blank line following "District/Position", the numbers "26/70" appear. The problem is that there is no house seat referred to as district 26, position 70. There is a district 26 house seat, but Mr. Donn does not reside there, nor do any of the signers of his petition. He resides in senate district 26, which is exactly contiguous [with] house district seats 68, 69 and 70, as do all the signers on the sample petitions you have provided us.
After questioning by your office, you note that Mr. Donn explained that he is indeed running for the district 70 House of Representatives seat. He merely looked at the district map, and listed SENATE district 26 as the district, and house district 70 as the position, since these districts cover the same area of land on the map. (Senate district 26 covers an area of Pulaski County, and one senator is elected for that district. Three representative seats have the same geographic boundaries as senate district 26, and they are house district seats 68, 69, and 70. In other words, the house district boundaries are coextensive with the senate district boundaries, but three representatives are elected from the area comprising senate district 26; there are no individual boundaries for house seats 68, 69, and 70. They are elected from the area comprising senate district 26.)
Mr. Donn apparently thought that there was a district and position number for the office he sought, rather than just a district number. The form petition supplied by your office stated "District/Position" in front of the blank requiring the office designation. The office he seeks is House of Representatives, district 70. There is no position number.
Your question relative to these facts is whether your office should certify Gene Donn as a candidate, and if so, for which office and district. You have also asked us to consider a letter written to your office by Representative Mike Wilson, the incumbent in District 70, expressing his concerns over Mr. Donn's petition.* __________________. * Mr. Wilson makes three points in his letter, one of which concerns the "26/70" designation and which will be discussed later. He also indicates that at least one petition has "no designation of the office Mr. Donn seeks." He also notes that "many of the signatures are in the same handwriting of those adjoining them, and others are not even in Pulaski County." As to these latter concerns, we have not been provided with any petitions bearing out these allegations and as such cannot make any determinations in this regard. In any event, these questions involve factual allegations, the determination of which is beyond the power of this office. We will note, however, that Mr. Donn's petitions are to contain only signatures from the district in which he seeks office. A.C.A. 7-7-103(c)(1). ________________.
For the reasons that follow, it is my opinion that the determination of whether this petition is "sufficient" and the decision of whether to accept it as a certification of nomination is, in the first instance, yours to make. It is also my opinion, however, that in making this decision, you should be guided by the following principle. If you can determine from the face of the petition, taking into account each of its parts, and all of the information supplied, which office Mr. Donn seeks, and can do so without having to engage in guesswork and speculation to such an extent as to yourself supply the office to which he aspires, then it is my opinion that you may declare the petition prima facie sufficient and accept it for certification. This principle is based upon the general rule emerging from cases across the country involving similar issues.
Independent candidates in this state file according to the provisions of A.C.A. 7-7-103 (Supp. 1989), which provides in pertinent part as follows:
 (b) Any person desiring to have his name placed upon the ballot as an independent candidate without political party affiliation for any state, county, township, or district office in any general election in this state shall file as an independent candidate in the manner provided in this section no later than the date fixed by law as the deadline for filing political practice pledges and party pledges if any are required by the rules of the party to qualify as a candidate of a political party in a primary election or the first day of May, whichever is later.
 (c)(1) He shall furnish, at the time he files as an independent candidate, petitions signed by not less than three percent (3%) of the qualified electors in the county, township, or district in which the person is seeking office, but in no event shall more than two thousand (2,000) signatures be required for a district office.
 (2) If the person is a candidate for state office or for United States Senator in which a statewide race is required, the person shall file petitions signed by not less than three percent (3%) of the qualified electors of the state, or ten thousand (10,000) signatures of qualified electors, whichever is the lesser. Each elector signing the petition shall be a registered voter, AND THE PETITION SHALL BE DIRECTED TO THE OFFICIAL WITH WHOM THE PERSON IS REQUIRED BY LAW TO FILE NOMINATION CERTIFICATES TO QUALIFY AS A CANDIDATE, REQUESTING THAT THE NAME OF THE PERSON BE PLACED ON THE BALLOT FOR ELECTION TO THE OFFICE MENTIONED IN THE PETITION. (Emphasis added.) **
Independent candidates for legislative seats file their "certificates of nomination" with the Secretary of State (A.C.A.7-7-401 and 7-7-402(a)(1)) and the Secretary of State must certify the names of independent candidates to the county boards of election commissioners forty-five days prior to the November election. The law, as expressed in the statute above, requires candidates to file their petitions requesting that their names be placed on the ballot for election to the "office mentioned in the petition." There appear to be no other provisions of Arkansas statutory law which govern the designation, in the petition, of the office sought. The prospective candidate is requesting nomination to the office mentioned in the petition. The question in this case is whether the prospective candidate has "mentioned" the office he seeks in a manner specific enough to satisfy Arkansas law. He has stated that he seeks a House of Representative[s] seat, "District/Position 26/70". The question is whether the failure to specify the office correctly as simply "District 70" is a fatal defect, or whether you may accept his petition in this form as nominating him as a district 70 house candidate.
It is my opinion that it is up to the Secretary of State to determine, in the first instance, whether the petition is sufficient. It is directed to the Secretary of State and he or she "of necessity" must determine whether the petition is "prima facie" sufficient. See Carroll v. Schneider, 211 Ark. 538,201 S.W.2d 221 (1947) (holding that the law is unclear as to in what manner county boards of election commissioners are to determine the sufficiency of petitions of independent candidates, but they "of necessity" have the right to determine the prima facie sufficiency of the petition). Additionally A.C.A. 7-7-103(e) provides that the sufficiency of any petition filed by an independent candidate may be challenged in the same manner as initiative and referendum petitions. The sufficiency of those petitions is determined in the first instance by the Secretary of State. See Arkansas Constitution, Amendment 7. (As to original jurisdiction of the Supreme Court in such matters, however, see American Party v. Brandon, 253 Ark. 123, 484 S.W.2d 881 (1972).)
Although it is up to the Secretary of State in the first instance to determine the petition's sufficiency, he or she is given little guidance under Arkansas law as to how to determine the sufficiency of the petition as it relates to the designation of the office which the prospective candidate seeks. We have found no relevant Arkansas statutory law or case law on the topic. Representative Wilson, in his letter to you of May 1, cites A.C.A. 7-7-304 for the proposition that "when a candidate has once filed and designated for a certain position, he shall not be permitted to thereafter change the position". That section provides in pertinent part as follows:
 Where there are two (2) or more nominees to be selected for the same office, such as Associate Justice of the Supreme Court, State Senator, State Representative, justice of the peace, alderman, or for any other office or place, the proper committee shall require the candidates to designate in writing a particular position, i.e., Position Number 1, Position Number 2, Position Number 3, etc., at the time a party pledge is required to be filed with the secretary of the committee. An independent candidate shall designate his position prior to circulation of his petition. When a candidate has once filed and designated for a certain position, he shall not be permitted to thereafter change the position.
It is my opinion that the statute above is inapplicable to the instant situation for two reasons. Firstly, Mr. Donn is not running for an office which requires the designation of a "position number." There will not be two or more nominees selected (meaning elected) for the same office. There will be one nominee selected as representative for house seat 70. It will either be the Democratic nominee, the Republican nominee, or an independent nominee. But only one of them will be selected as district 70 representative. The statute above was enacted as a part of Act 465 of 1969. At that time, the designation of "position numbers" was required in at least some state senate and representative districts. See e.g. Lendall v. Bryant,387 F. Supp. 397 (E.D.Ark. 1975). They are no longer required. There are now 35 senate districts, and 100 representative districts, and each district has its own number; that is, the thirty-five senate districts number 1 through 35 and the one-hundred representative districts number 1 through 100. No position numbers are required. It is my opinion that the statute above applies in instances where a "position number" is required.
Secondly, it is my opinion that even if the statute is applicable on its face, it does not operate to preclude you, as Secretary of State, from certifying this petition. The statute prohibits a candidate from "changing" his position once he or she has designated it. Here, Mr. Donn, in my opinion, does not seek to "change" his position. According to your request, it has always been his intention to run for representative in district 70. He has not designated one office, and now seeks to run for another. He has always sought this office, and those persons who signed the petition are not being misled by his continuing to seek this office. Therefore, we do not find that this statute is an impediment to the certification of Mr. Donn as a candidate for district 70 representative.
This conclusion leaves us back where we started, with no Arkansas statutory or common law guidance as to whether to accept this petition. There is simply no precise Arkansas law on the issue. Due to the lack of relevant Arkansas law, we have undertaken a review of the case law of other states on the question. Before we discuss this case law, however, some general principles of election law in Arkansas should be noted. In Fisher v. Taylor,210 Ark. 380, 196 S.W.2d 217 (1946), our Arkansas Supreme Court noted that:
 The right to become a candidate for public office is, under our form of government, a fundamental right, which should not be in any manner curtailed without good cause; and any law or party rule, by which this inherent right of the citizen is diminished or impaired ought always to receive a liberal construction in favor of the citizen desiring to exercise the right.
210 Ark. at 387
It was also noted in that case, after a discussion of several Arkansas election cases, that:
 The rationale of these cases is that where there has been a substantial compliance with the requirements of the law as to a candidacy for office a citizen should not be deprived of the high privilege of offering for public office because of a failure to observe literally all requirements. . . .
 210 Ark. at 386
It thus may be contended that in this instance, as a general matter, the law should be construed liberally in favor of Mr. Donn's candidacy, and that substantial compliance with the requirements of the law is sufficient.
We are now prepared to discuss case law from other jurisdictions involving defects in the designation of office on petitions for nomination. One case which is in my opinion relevant is Praete v. Van Wert, 263 N.Y.S.2d 396, 47 Misc.2d 898 (1965), which involved a petition for nomination as a city councilman. The court there stated:
 The substantive issue presented in this proceeding is whether the petition is fatally defective for failure to describe the public office as `Councilman, City of New Rochelle, New York' as opposed to the way the petition states `City Council' without even specifying the city involved. A reader of the petition would have to infer from the New Rochelle addresses of the candidates, signatories and witness that the petition advocates candidacy for the legislative body of the City of New Rochelle. . . . So, too, the more serious failure to identity [identify] the City of New Rochelle as the situs of the `City Council' should not be fatal. ONE CAN SEE FROM THE ADDRESSES OF THE CANDIDATES, SIGNATORIES AND WITNESS THAT ONLY A NEW ROCHELLE CITY COUNCIL CAN BE INVOLVED. (Emphasis added.)
 263 N.Y.S.2d at 397-398
Another case relevant to the issue is Whiting v. Taub,64 N.Y.S.2d 667, 187 Misc. 660 (1946). Whiting involved the failure of several public office candidates to designate the political subdivision in which the candidates sought office. The court found on this ground that the omission was not fatal. The court stated:
 The titles of the various offices do appear on the petition and that is all the statute requires. True, they are not set forth in full, but the political subdivision involved is self-evident from the petition itself. No one was or could be mislead [misled] by the omission, and to my mind there was a `substantial' compliance with the statute, which is all that is necessary . . . . In the instant case the mandatory provisions of the section have been complied with, at least in part, and the failure to set forth the full title of the office could not possibly lead to any confusion or further any fraudulent purpose, particularly where the political subdivision involved is so obviously and easily discernible from the face of the petition.
 64 N.Y.S.2d at 667-668
Another New York case, however, found a failure to definitely designate the office fatal. In King v. McNab, 221 N.Y.S.2d 185,14 A.D.2d 808 (1961) the court found that the failure to specify whether the candidate sought one position as councilman for a full four-year term, or whether he sought the other position, which was to fill an unexpired two-year term, was fatally defective. The court stated:
 While there is no statutory requirement that the term of any office be stated, nevertheless under the unusual circumstances here — where two identical offices are to be filled but for different terms — a nominating petition which fails to state for which one of the two offices the candidate has been nominated, is fatally defective. Such a defect is not one which can be cured by the filing of a correction certificate by the Committee on Vacancies. FOR TO PERMIT THE COMMITTEE TO MAKE SUCH A CORRECTION WOULD BE TANTAMOUNT TO EMPOWERING IT TO ACTUALLY SELECT IN THE FIRST INSTANCE THE PARTICULAR PUBLIC OFFICE FOR WHICH THE CANDIDATE SHALL BE NOMINATED. . . . (Emphasis added.)
221 N.Y.S.2d at 187
Finally, in the case of Lepre v. Caputo, 131 N.J. Super. 118,328 A.2d 650 (1974), a candidate for city councilman had written simply "councilman" as the designation for the office he sought. There were at the time three vacancies for the office of councilman; two for full three-year terms, and one for an unexpired one-year term. The plaintiff contended that "his intent was to run for the one-year unexpired term, not for one of the full-term positions. He allege(d) that he had never considered running for the full three-year term, but in fact always sought the unexpired term." 328 A.2d at 651. The plaintiff also alleged that when his petition was circulated, the signers were informed that his petition was for the unexpired one-year term for councilman. He sought to have his petition amended to reflect the fact that he was seeking the unexpired one-year term. The court found that a request to amend a petition for office, as allegedly defective, after the deadline for filing the petition, must be denied when the proposed amendment changes the office being sought. The court found that the petition was not defective, and thus could not be amended to cure a "defect." It was a petition for nomination to a full three-year term. The court stated: Plaintiff next urges that it was his original intention to file for the one-year term and to deny his amendment is an invasion of his rights under (New Jersey law). Plaintiff solicited signatures for his petition and it must be presumed that the signatories read the petition and knew what office plaintiff was seeking when they signed the petition. The purpose of obtaining a petition signed by voters in the district affected is to indicate support for a particular candidate for a particular office. It would constitute a fraud and deception upon the signers of a petition if, after obtaining support for a particular office, a candidate were allowed to amend his petition so as to run for a different office. For example if a person filed as a candidate for the general Assembly, it would be clear that an attempt to `amend' his petition to run for the State Senate would deceive those who signed his petition to run for the Assembly. . . . Plaintiff contends that he is not seeking to change the office being sought, but merely wants to have the petition amended to properly designate the office which he has been seeking, namely the unexpired one-year term for councilman. To permit such a change the candidate must offer clear and convincing proof that the petition did not properly designate the office he was seeking. He must also satisfy the court by clear and convincing evidence that the signers of the petition were informed that the office sought was not the office stated in the petition.
328 A.2d at 652
The court found that the petition was regular on its face and did not show any defect. It also held that the plaintiff's allegation that the signers of the petition were informed that he was running for the unexpired term was not "clear and convincing" evidence on the point.
We find a common theme running through these cases. In the cases which allowed acceptance of the petitions, at least on the grounds relevant here (Praete, supra, and Whiting, supra), the courts found that the office sought was discernible from the face of the petition. In Praete, this was true because one could look at the addresses of the candidate and signatories and determine which position was sought. In the cases in which the errors in the petitions were found fatally defective (King, supra, and Lepre, supra), the courts found either that acceptance of the petitions would be tantamount to an election official himself supplying the office the candidate seeks (because the information on the petition was too inadequate to determine it), or that acceptance of the petitions would allow the candidate to change the office sought, which might work a fraud upon the voters. All of the cases discussed the issue of whether anyone, specifically the voters, was mislead [misled] by the petition.
The cases are all distinguishable, however, in that each of them involved an OMISSION of some sort. In the facts before us, an omission is not involved. The prospective candidate has supplied too much information, some of it incorrectly. It is my opinion, however, that the reasoning of these cases is still relevant to our analysis.
With these principles in mind, and bearing in mind the fact that the law is to be liberally construed in favor of Mr. Donn's candidacy and the fact that "substantial compliance" with the statutes is sufficient, it is my opinion that you must determine whether the office Mr. Donn seeks is discernible from the face of the petition. Can you look at the petition, addresses of the candidate and signatories along with the designation of office and reasonably determine which office he seeks? Can you accomplish this without yourself having to select an office for him? Can you conclude that no signatories of the petitions were mislead [misled] into believing that Mr. Donn was running for a seat other than for the House of Representatives in the district in which he and they all reside? If so, it is my opinion that you should accept the petition as a certificate of nomination.
We have already expressed herein our opinion that Mr. Donn is not seeking to "change" the office he seeks. We have also expressed the opinion that we believe it unlikely that signers of the petitions were mislead [misled] into believing that Mr. Donn was running for a house seat in district 26, in which none of them reside. You must still determine these issues, however, to your satisfaction, and must also determine whether you can discern from the face of the petition the office sought. If you cannot, you should reject the petition as insufficient. With regard to the two particular petition pages submitted with your request, it is my opinion, based upon the discussion, that a finding of sufficiency would be legally defensible.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
** It appears at first blush that this provision may be applicable only to candidates in which a statewide race is required, as it is codified under section (c)(2) which governs those races. Reference to the original Act 465 of 1969, however, will lead to the conclusion that the latter part of subsection (c)(2) is applicable as well to other types of rates mentioned in this statute as a whole. Additionally, this office has previously taken this position. See Opinion No. 90-112, a copy of which is enclosed. ____________ NOTE: Opinion No. 90-112 referred to in footnote "**" is in the system.