### (September 30, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CELESTINO SEPULVEDA, Appellant.—Judgment, Supreme Court, New York County, rendered on February 22, 1973, insofar as it imposes sentence, unanimously reversed, on the law, and the case remanded to the Criminal Term of the Supreme Court, New York County, for resentencing. The record indicates that at the time of sentencing, the court failed to comply with the mandatory provisions of CPL 380.50 in not affording defendant the right to make a statement personally in his own behalf and in not inquiring of defendant whether he wished to make such a statement. Failure to ask the required allocution constitutes error necessitating a reversal and a remand for resentencing (*People* v. *Lotz*, 42 A D 2d 900; *People* v. *Williams*, 42 A D 2d 931; *People* v. *Rojas*, 42 A D 2d 945; and cases cited therein). Concur — Nunez, J. P., Kupferman, Lupiano, Steuer and Lane, JJ.

### SECOND DEPARTMENT, SEPTEMBER, 1974

### (September 4, 1974)

■ In the Matter of DANTE C. SENISE et al., Appellants, v. HERBERT J. FEUER et al., Constituting the Board of Elections of the City of New York, Respondents.— In a proceeding to validate petitions designating appellants as candidates in the Democratic Party Primary Election to be held on September 10, 1974 for the party position of Delegate to the Democratic Judicial Convention from the 11th Judicial District, 36th Assembly District, and for related relief, the appeal is from a judgment of the Supreme Court, Queens County, entered August 28, 1974, which, *inter alia,* (1) adjudged that (a) no supplemental cover sheet or sheets for delegates and alternate delegates to the Judicial Convention (Election Law, § 136, subd. 3) were filed by petitioners and (b) the designating petitions are invalid insofar as they affect the delegates and alternates to the Judicial Convention and (2) dismissed the proceeding. Judgment affirmed, without costs. No opinion. Gulotta, P. J., Christ, Brennan and Benjamin, JJ., concur.