■ In the Matter of EDYTHE M. BELTZ et al., Petitioners, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of EDYTHE M. BELTZ, Petitioner, v CARMEN RODRIGUEZ et al., Respondents. (Proceeding No. 2.) In the Matter of CARMEN I. RODRIGUEZ, Petitioner, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. (Proceeding No. 3.) In the Matter of CARMEN I. RODRIGUEZ, Petitioner, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. (Proceeding No. 4.) In the Matter of GRACE H. HUTSON et al., Appellants, v JAMES F. BASS et al., Constituting the Board of Elections of the City of New York, Respondents, and CARMEN RODRIGUEZ et al., Respondents. (Proceeding No. 5.) In the Matter of PERSIO A. MALDONADO et al., Petitioners, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents. (Proceeding No. 6.) In the Matter of PERSIO A. MALDONADO et al., Petitioners, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents. (Proceeding No. 7.) In the Matter of CARMEN I. RODRIGUEZ, Petitioner, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. (Proceeding No. 8.) — Judgment, Supreme Court, New York County (Tierney, J.), entered on August 5, 1981, dismissing the petition of Grace H. Hutson and Persio A. Maldonado in Proceeding No. 5 to validate the designating petition designating them as candidates for election to the party positions of Democratic Female and Male Assembly District Leader, respectively, for the 71st Assembly District, Part D, New York, and the petition of various other individuals named in the Hutson-Maldonado slate to validate the designating petition designating them as candidates, respectively, for election to the party positions of Delegate and Alternate Delegate to the 1st Judicial District Democratic Convention from the 71st Assembly District and for election to the party positions of member of the Democratic County Committee from the various election districts specified in said designating petition, unanimously reversed, on the law, and in the interest of justice, and the petition is granted, without costs, validating the said designating petitions and the Board of Elections is directed to place the names of said candidates on the appropriate ballots for the Democratic Primary Election to be held on September 10, 1981. The issue is whether a timely filed designating petition for a primary election valid and sufficient in all other respects may be invalidated because of defects in part of the cover page and the late filing of another part of the cover page. The original cover sheet, timely filed, did not contain the names and addresses of the candidates for county committee, and there was no cover sheet containing the names and addresses of the candidates for male and female assembly district leader. The cover sheets for the candidates for judicial delegate and alternate judicial delegate were not timely filed, but were filed about 12:15 A.M. on July 24, 1981, 15 minutes late. Subdivision 2 of section 6-134 of the Election Law requires a cover sheet for each petition consisting of 10 or more sheets and each volume thereof, and specifies the requisite information. It is plain that these requirements are for the administrative convenience of the Board of Elections and others who may wish to check the petitions for fraud or other defects. In this respect they serve a

significant purpose. However, it is equally plain that they have nothing to do with the validity of the signatures or the means by which they were procured. Here it is conceded the petitions contain a sufficient number of valid and validly obtained signatures together with the requisite correct information as to each signature. The invalidity found consists only in certain limited deficiencies in the cover sheets. In our view no such rigid application of the statute is mandated under the circumstances of this case. Demanding such exquisite precision in complying with the statute defeats the will of the voters who validly and properly signed the petition. Despite the deficiencies the board and opposing candidates appear to have had little difficulty in examining and checking the petitions in dispute. No fraud, deception or confusion has been shown. The objective of the election laws is to provide qualified voters an opportunity to designate candidates of their choice. The democratic process is not aided by a narrow and technical construction of election laws to defeat the will of the voters. In the absence of fraud, deception or confusion, such a construction should be avoided *(Pilat v Sachs,* 59 AD2d 515, affd 42 NY2d 984; see *Matter of Carusone v Varney,* 277 App Div 326, affd *sub nom. Barber v Varney,* 301 NY 669; *Matter of Cook v Zelazny,* 49 AD2d 1036; *Williams v Sclafani,* 444 F Supp 906, affd *sub nom. Williams v Velez,* 580 F2d 1046). In *Matter of Senise v Feuer* (45 AD2d 954), relied upon by respondent, there appears to have been no cover sheets, unlike our case wherein the cover sheets were merely defective in part. Concur — Markewich, J.P., Lupiano, Silverman, Bloom and Fein, JJ.