In the Matter of the Application of EUGENE J. FINNEGAN, Petitioner, for an Order against S. HOWARD COHEN and Others, Constituting the Board of Elections in the City of New York, and ARTHUR J. W. HILLY, Being the First Person Named on the Committee to Fill Vacancies in Designating Petitions, Respondents.*

Supreme Court, Special Term, New York County, September 5, 1941.

*Gordon I. Novod* [*Gordon I. Novod* and *Moses Z. Yam* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Edward J. McGratty, Jr., Assistant Corporation Counsel*], for the respondents, S. Howard Cohen and others, constituting the board of elections in the city of New York.

*Arthur J. W. Hilly*, for the respondent committee to fill vacancies.

WALTER, J. This proceeding seeks to declare invalid a petition designating candidates for county committeemen in the eleventh Assembly district.

Much testimony was adduced in respect of charges of fraudulent alterations. I find that none of those charges has been sustained. Neither is there substance to the charge that signatures were obtained by fraud.

It is contended that the petition was not securely bound. It was stated without contradiction, however, that the chief clerk of

* Affd., 262 App Div. 955.

the board of elections would testify, if called, that it was securely bound when presented for filing, and having looked at the petition — an unwieldly volume about eight inches thick — I cannot find that there was any failure to comply with the statute in this respect. Even the finest products of the bookbinder's art succumb to much handling by persons not careful in their handling.

A check of signatures made by a referee appointed by the court upon consent of the parties clearly shows sufficient signatures.

The only question of law worthy of discussion is that presented by the fact that in the fifth election district there was an over-designation which resulted from an erroneous computation on the part of the board. Ordinarily, overdesignation is a fatal defect which is not cured by mere declinations. (*Matter of Powers* v. *Coughlin*, 268 N. Y. 623.) In this case, however, it appears that when the overdesignation was discovered the suggestion was made that the excess names on this petition be eliminated or that the names upon an opposing petition then on file be increased, and that with the approval of the board the former alternative was agreed to by a member of the committee on vacancies named in the petition here attacked and a member of the committee on vacancies named in the opposing petition. It was conceded upon the hearing that practically and in reality the two petitions represent a contest for district leader between the two members of the committees on vacancies who made that agreement, but it nevertheless is insisted that the agreement so made does not bar petitioner in this proceeding from asserting the illegality of the overdesignation, even though the petitioner herein is himself a signer of the opposing petition. The manifest inequity of petitioner's position strongly suggests that there is something wrong with any reasoning which sustains it. The thought behind a rule proclaims itself misread when the outcome of the reading is injustice or absurdity. (See *Surace* v. *Danna*, 248 N. Y. 18, 21.)

The reason for the rule that overdesignation cannot be cured by mere subsequent declinations undoubtedly is that a contrary rule would permit the obtaining of signatures to a designating petition which could not be obtained if some of the designees were not named therein and would give an unfair advantage as against persons who sought signatures for a lesser number of designees, and where the person most affected by the possibility of unfair advantage foregoes complaint, I see no reason for a rigid enforcement of the rule. The element of unfairness is here eliminated.

It is argued that by signing a petition naming certain persons as a committee on vacancies the signer gives those persons no authority to act for him in any respect other than to fill vacancies among the

designees in that petition. As a matter of strict legal right that may be true, but neither the practicalities of the contest nor the equities of the situation are to be ignored, and under the circumstances here presented I hold that petitioner, whose only apparent interest in the controversy is to defeat one party to the agreement in order that the other party thereto may win, is equitably estopped from questioning the validity of the petition as sustained by the board.

The proceeding is accordingly dismissed.