Richard D. Simons, J.
This is an application pursuant to section 330 of the Election Law seeking to declare valid designating petitions filed with the Board of Elections of Oswego County. The petitions purported to designate Thomas M. McGough as the Liberal Party candidate for City Judge (city not specified) and Fred Regan as candidate for the party position of delegate to the Fifth District Judicial Convention of the Liberal Party from the 117th Assembly District and also as a member of the Liberal Party County Committee for the Third District of the First Ward of the City of Oswego, New York. Included on the petitions were other candidacies, not in issue here, for delegates and alternates to State and Judicial District Conventions.
The petitions for all offices were united in one petition and filed with the County Board of Elections within the statutory time limit. The Board of Elections rejected the petitions for failure to comply with subdivision 1 of section 136 of the Election Law and by letter dated June 3, 1966 so notified one Eli Diamond of Rochester, New York, a representative of the Liberal Party. Mr. Diamond had apparently filed the petitions on behalf of all the designees.
Subdivision 1 of section 136 of the Election Law provides that “ designations, petitions for which are required to be filed in different offices, may not be united in the same petition.” Petitions for the office of City Judge and County Committeeman. *256 must be filed Avith the Comity Board of Elections. Petitions for delegate to the Fifth Judicial District Convention must be filed Avith the Secretary of State (Election LaAV, § 144).
Section 145 of the Election Law requires that “ When a determination * * * is made * * * that a * * * petition is insufficient, such officer or board shall give notice of the determination forthwith by mail to each candidate ”. Notice is mandatory. Coneededly, the candidates never received such notification directly from the Board of Elections.
Nevertheless, in this case no valid petition Avas ever filed with the Board of Elections. The petition, as presented, violated subdivision 1 of section 136 of the Election Law. The Board of Elections was competent to determine this since the defect was open and apparent on the face of the petition. (1 Gassman, Election Law, § 54.) When a petitioner mistakenly files his petition with the Board of Elections instead of the Secretary of State, he cannot relieve himself of this error after the filing period has closed. (Abrahams, New York Election Law, p. 346.) The failure of the board to give notice of the mistake to the candidate under these circumstances is not vital (Abrahams, New York Election Law, p. 347.) The petition was void because it improperly combined candidacies requiring filing in different offices, which is prohibited by statute. That defect could not be corrected by the subsequent administrative error of the Board of Elections with respect to the provisions for notice and it cannot be corrected by the court uoav.
Petition dismissed.