■ In the Matter of RICHARD BRUNO, Appellant, v SANDRA LEFEVER et al., Respondents.—In a proceeding, *inter alia,* to validate a Right to Life opportunity to ballot petition, the appeal is from a judgment of the Supreme Court, Rockland County (Donovan, J.), entered August 5, 1985, which dismissed the proceeding.

Judgment reversed, on the law, without costs or disbursements, application granted, and the Board of Elections is directed to grant the petition for an opportunity to ballot with respect to five County Legislator offices for Ramapo Legislature District No. 3.

In the column for "public office" (*see,* Election Law § 6-166 [2]), the petition for opportunity to ballot set forth the following: "Six (6) County Legislators-Ramapo-Legislature District #3". Because only five County Legislator offices were to be on the ballot (four full-year terms and one unexpired two-year term), the Board of Elections invalidated the petition as "Over Designated". No other defects in the petition are alleged. Special Term agreed with the Board of Elections, reasoning that since Election Law § 6-164 provides that petitions for an opportunity to ballot shall be subject to "objections and court determination thereof in the same manner as designating petitions", the same strict construction requiring invalidation of overdesignated designating petitions must apply to the instant petition. That section specifies, however, that petitions for an opportunity to ballot be treated in the same manner as designating petitions "so far as the provisions therefor are applicable". We cannot view the defect in the instant petition as analogous to an overdesignation in a designating petition. A significant distinction between a petition for an opportunity to ballot and a designating petition is the fact that in the former the names of the candidates which the signatories would "write in" need not be specified in the petition (Election Law § 6-164; *cf.* Election Law § 6-132). Indeed, the instant petition requested the "opportunity to write in the name of an undesignated candidate or candidates for nomination to the public office or offices" set forth. Thus, it is clear that none of the signatures to this petition were obtained because a specific person was improperly designated (*see, Matter of Finnegan v Cohen,* 177 Misc 142, *affd* 262 App Div 955). Election Law § 6-164 permits requests for an opportunity to write in the names

for two or more offices to be included in the same petition. The inadvertent request to write in an undesignated candidate for a legislative office that would not appear on the ballot does not invalidate the five otherwise proper requests included in this petition (*see, Matter of Thomas v Simon,* 89 AD2d 952, *affd* 57 NY2d 744). Lazer, J. P., Bracken, Niehoff and Eiber, JJ., concur.