(October 27, 1989)

■ JOSEPH F. NOCCA, as Judge of the City Court of the City of Yonkers, Appellant, v ALOYSIUS MOCZYDLOWSKI, as Clerk of the City of Yonkers, et al., Respondents.—In an action for a judgment declaring that the plaintiff was duly elected in the general election held in November 1988 to a full 10-year term as a Judge of the City Court of the City of Yonkers, the plaintiff appeals from an order of the Supreme Court, Westchester County (Facelle, J.), entered July 25, 1989, which granted the defendants' motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment

*(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

Since the ballot and the certificate of the Clerk of the City of Yonkers in the 1988 general election indicated that the plaintiff was to fill the office of Judge of the City Court of the City of Yonkers for an unexpired term, granting the relief requested by the plaintiff after the election took place would disenfranchise the voters who relied on that representation *(see, Matter of Bullock v Van Wart,* 25 NY2d 812; *Matter of King v McNab,* 10 NY2d 887).

We further note that the plaintiff failed to request that any corrective measures be taken by the Clerk of the City of Yonkers or the Westchester County Board of Elections with regard to the ballot in the November 1988 election although Laws of 1988 (ch 397) became effective on July 1, 1988. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.