■ In the Matter of FRANCESCA M. CAPITANO, Appellant, v THOMAS M. KELLY et al., Respondents. [661 NYS2d 262] —In a

proceeding to (1) invalidate petitions designating Thomas M. Kelly, Michael G. Zapson, and Edmund A. Buscemi as candidates in a primary election to be held on September 9, 1997, for the nominations of the Democratic, Independence, and Liberal Parties as candidates for the public office of Member of the City Council of the City of Long Beach, and (2) invalidate the petitions designating Stanley Smolkin as their respective candidate for the public office of City Court Judge of the City of Long Beach, the appeal is from so much of a judgment of the Supreme Court, Nassau County (Winslow, J.), entered August 15, 1997, as dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly rejected the appellant's contention that the designating petitions are invalid because they fail to comply with Election Law § 6-134 (1), which provides, in relevant part, that "[i]f two or more offices having the same title are to be filled for different terms, the terms of office shall be included as part of the title of the office". Pursuant to Long Beach City Code § 70 (2), the terms of office of the three Member of the City Council seats to be filled are determined by the number of votes received, with the two candidates receiving the greatest and second greatest number of votes, respectively, being elected to serve four-year terms, while the candidate who receives the third greatest number of votes serves a two-year term. Consequently, since the terms of office cannot be determined until after the election when the votes are counted, the appellant's argument lacks merit.

In any event, Election Law § 6-134 now provides that its provisions "shall be liberally construed, not inconsistent with substantial compliance thereto and the prevention of fraud" (Election Law § 6-134 [10] [L 1996, ch 709, § 3]). Applying this standard, the omission from the designating petitions of the terms of office is not consequential. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.