(June 16, 1999)

■ In the Matter of KENNETH J. MUNNELLY, Respondent, v KATHLEEN NEWKIRK, as Town Clerk of the Town of Bethlehem, et al., Appellants, et al., Respondents. [692 NYS2d 195] —Per Curiam. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered May 4, 1999 in Albany County, which, *inter alia*, granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and Election Law article 16 and action for a declaratory judgment, to declare that his term of office as Town Justice of the Town of Bethlehem is four years.

In March 1997, Honorable Peter C. Wenger, one of two incumbent Town Justices of the Town of Bethlehem in Albany County, died during the second year of the four-year term to which he had been elected in November 1995. Pursuant to Town Law § 64 (5), the Town Board filled the vacancy by appointment, with the appointee holding office until December 31, 1997. The office was placed on the ballot for the general election in November 1997 and petitioner was elected. The second Town Justice office was also contested at the November 1997 general election as a result of the expiration of the incumbent's four-year term.

In January 1999, pursuant to Election Law § 4-106 (2), respondent Kathleen Newkirk, the Town Clerk of the Town of Bethlehem, transmitted to the Albany County Board of Elections a certificate stating the Town offices to be voted for at the next general election. The certificate included one Town Justice. It is undisputed that the office referred to in the certificate is the office held by petitioner, who promptly requested that Newkirk amend the certificate to delete the reference to that office. Newkirk refused to do so and petitioner requested that the Board of Elections reject the certificate filed by Newkirk. Respondents George P. Scaringe and Michael Moneschalchi, the Commissioners of the Board of Elections, were unable to agree to a response to petitioner's request, resulting

in no action by the Board of Elections (*see*, Election Law § 3-212 [2]).

Citing CPLR article 78, Election Law article 16 and CPLR article 30, petitioner commenced this proceeding in April 1999 for declaratory and/or injunctive relief based upon the claim that, in November 1997, he was elected to a four-year term. Newkirk and Scaringe (hereinafter collectively referred to as respondents) answered the petition claiming that petitioner was elected to fill the unexpired term of his predecessor. Supreme Court agreed with petitioner, declared that his term of office is four years and directed that the certificate filed by Newkirk in January 1999 be amended to delete the reference to the office of Town Justice held by petitioner. Respondents appeal and we affirm.

As a threshold matter, we reject respondents' argument that this proceeding is untimely. Considering the relationship out of which petitioner's claim arises and the relief he seeks (*see*, *Solnick v Whalen*, 49 NY2d 224, 229-230), we conclude that this proceeding is neither authorized nor governed by Election Law article 16, and that the four-month Statute of Limitations of CPLR 217 is applicable. The earliest that petitioner could have been aggrieved was January 1999, when Newkirk filed the certificate and petitioner first learned that the responsible Town officer considered his term to be less than four years. Accordingly, this proceeding, commenced within four months of that filing, is timely.

Turning to the merits, NY Constitution, article VI, § 17 (d) authorizes the Legislature to prescribe the terms and methods of selection and filling vacancies for the Judges of town, village and city courts, "provided, however, that the justices of town courts shall be chosen by the electors of the town for terms of four years from and including the first day of January next after their election". This constitutional provision clearly and unambiguously requires that Town Justices be elected to four-year terms, regardless of whether the election is the result of the expiration of a four-year term or, as here, the result of a vacancy which occurs during a four-year term. "When language of a constitutional provision is plain and unambiguous, full effect should be given to 'the intention of the framers * * * as indicated by the language employed' and approved by the People" (*Matter of King v Cuomo*, 81 NY2d 247, 253, quoting *Settle v Van Evrea*, 49 NY 280, 281). Moreover, as a result of constitutional amendments adopted in 1961 and effective in 1962, the provision was *deleted* which had specified that a Town Justice elected to fill a vacancy occurring in the office

prior to the expiration of a full term serves for the remainder of the term (see, NY Const, art VI, former § 17). Clearly, then, there is "no justification in this instance for departing from the literal language of the constitutional provision" (*Anderson v Regan*, 53 NY2d 356, 362).

In view of this constitutional mandate, we reject respondents' waiver or estoppel argument. Although the designating petition circulated on petitioner's behalf prior to the November 1997 election referred to the office for which petitioner was a candidate as having a two-year term, neither a candidate nor a legislative body can unilaterally change the constitutional term of office (see, *People ex rel. Burby v Howland*, 155 NY 270, 277; see also, *Town of Putnam Val. v Slutzky*, 283 NY 334, 340; *Matter of Gertum v Board of Supervisors*, 109 NY 170, 173) and, in any event, there is no evidence of any detrimental reliance on that reference. The ballot itself indicated that the election was "to fill a vacancy", but it did not expressly limit the office to the remainder of the unexpired term and, therefore, declaring petitioner's term of office to be four years will not disenfranchise the voters (compare, *Nocca v Moczydlowski*, 154 AD2d 636). The voters were, in fact, filling a vacancy which, as it happens, resulted from the incumbent's death during his term, but this is not tantamount to electing a replacement for the unexpired term in derogation of the constitutionally mandated four-year term.

Although the heading on the ballot for column 11, below which petitioner's name was listed, indicated that the election was "to fill a vacancy" for Town Justice, and the adjacent header for Town Justice in column 10, below which was listed the name of the second Town Justice, did not so indicate, this was not sufficient to convert petitioner's term from the constitutional four-year term to the unexpired term (cf., Election Law § 7-108). Notably, no party has contested the validity of this election and the necessary parties to such a challenge are not named in this proceeding. In our view, any ambiguity or hypothetical confusion which may have resulted to the voters from the configuration or heading on this ballot does not warrant overriding the constitutionally mandated four-year term, particularly in the absence of proof that any voter in the Town was actually mislead and, consequently, disenfranchised. Additionally, neither the statutory provision for biennial, odd-numbered-year town elections for town officers (see, Town Law § 80) nor the common practice of staggering the terms of Town Justices overrides the constitutional four-year term (compare, NY Const, art XIII, § 8 [requiring odd-numbered-year elections

for city and certain county officers, but excepting the election "of any judicial officer"]).

Accordingly, based upon the plain language of NY Constitution, article VI, § 17 (d), we conclude that petitioner was elected to a four-year term in 1997 and, therefore, Supreme Court's judgment is affirmed.

Mercure, J. P., Peters, Spain, JJ., concur.

Carpinello, J. (dissenting). Because we find few situations to which the doctrine of estoppel is more apt than the case at hand, we dissent. This case is not about whether the NY Constitution provides for a four-year term of office for a Town Justice elected to fill a vacancy. Rather, it is about whether a candidate who presents himself to the voters on his designating and nominating petitions as running for a "2-Year Term" is estopped from asserting such a constitutional provision, even assuming that the Constitution should be so construed. Noticeably absent from the pleadings is any assertion by petitioner that *in 1997* he believed, or more importantly represented to the electors of his township, that he was running for a full four-year term of office. The obvious import of the language contained on the petitions is that *he himself* believed his term was only two years. If the sanctity of the votes cast at that election is to be preserved, NY Constitution, article VI, § 17 (d) should not be invoked post facto to achieve a different result.

The cases relied upon by the majority to negate estoppel all involve governmental action purporting to limit a constitutional office and are therefore distinguishable. The petitions in this record whereby petitioner sought nomination and designation as a candidate for a "2-Year Term", and the ballot at the ensuing election in which he was listed as a candidate "To Fill [a] Vacancy", lead to the inescapable conclusion that he (and the voters) believed he was running for a two-year term.* To hold differently two years later would, in our mind, work an obvious injustice to those voters. In our view, requiring petitioner to adhere to the office he himself sought does not violate any discernable public policy (*see, Salla v County of Monroe*, 64 AD2d 437, 442, *affd* 48 NY2d 514, *cert denied* 446 US 909).

Furthermore, even the ballot format presented to the voters

---

* This case is also distinguishable from *Dillon v Shaffer* (144 Misc 2d 1079) relied upon by petitioner. In that case "both plaintiff's designating petitions and the election ballots were completely devoid of any language regarding the duration of the term" (*id.*, at 1083) and the term of office of a full four years was fixed by the County Clerk *before* the election. This latter factor also distinguishes the case at bar from *Tinkham v Tioga County Bd. of Elections* (Sup Ct, Tioga County, May 22, 1997, Rose, J.).

was inconsistent with a term of office coterminous with the other Town judgship that appeared on the ballot due to the expiration of that term of office. Election Law § 7-108 (3) mandates that where two or more candidates for the same office or position are on a ballot, the "instruction on the ballot or machine shall read 'Vote for any _____', (the blank space to be filled with the number of persons to be nominated for the office or elected to the position)". But the voters did not receive such an instruction in this case. Instead, the ballot conformed to the format which is *only* appropriate when two or more candidates seek the same office for *different* terms. In such an instance, Election Law § 7-108 (2) provides that "the term for which each is nominated shall be printed as a part of the title of the office". Here, the ballot clearly differentiated between the two judgeships by denoting that the office sought by petitioner was "To Fill [a] Vacancy" and the voters were limited to "Vote for One".

For the foregoing reasons, we would reverse Supreme Court's judgment and dismiss the petition.

Graffeo, J., concurs. Ordered that the judgment is affirmed, without costs.