(September 8, 1999)

■ In the Matter of IRA WEINER et al., Appellants, v DIANE L. McCORD, as Town Clerk of the Town of Esopus, et al., Respondents. [694 NYS2d 807] —Per Curiam. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered August 18, 1999 in

Ulster County, which denied petitioners' application, in a combined proceeding pursuant to CPLR article 78 and Election Law article 16 and action for a declaratory judgment, to declare that respondent Robert W. Jordan's term of office as Town Justice of the Town of Esopus expires December 31, 1999.

A vacancy was created in the office of Town Justice of the Town of Esopus, Ulster County, in November 1996 when respondent Robert W. Jordan, who had been elected in November 1995, resigned from that office to qualify for a State pension. He was then appointed acting Town Justice and the office was placed on the ballot for the November 1997 general election with Jordan as a candidate. Pursuant to Election Law § 7-108 (2), the heading on the ballot for the column containing Jordan's name stated "TOWN JUSTICE (Unexpired Term) (Vote for ONE)".[1] Jordan was elected.

In February 1999, pursuant to Election Law § 4-106 (2), respondent Diane L. McCord, Town Clerk of the Town of Esopus, filed a certificate which listed Town Justice among the Town offices to be voted at the November 2, 1999 general election. In July 1999, however, McCord concluded that no vacancy would exist as of January 1, 2000 in the office of Town Justice and filed an amended certificate which omitted Town Justice from the offices to be voted at the general election.

Petitioners, registered voters in the Town who voted in the November 1997 general election,[2] commenced this proceeding for declaratory and injunctive relief based upon the claim that Jordan's term expires December 31, 1999. Supreme Court dismissed the petition and petitioners appeal.

In *Matter of Munnelly v Newkirk* (262 AD2d 781, *affd* 93 NY2d 960), we held that NY Constitution, article VI, § 17 (d) provides that Town Justices are elected to four-year terms, regardless of whether the election is the result of the expiration of a four-year term or the result of a vacancy which occurs during a four-year term. We also concluded that any confusion which may have resulted from the particular configuration or heading on the ballot at issue therein did not warrant overriding the constitutionally mandated term, particularly in the absence of proof that any voter was actually misled and, consequently, disenfranchised (*id.*, at 783).

By contrast, where the ballot indicates that an election is to

---

1. A second Town Justice office was contested at the November 1997 election and the heading for that column merely stated "TOWN JUSTICE (Vote for ONE)".

2. Petitioner Ira Weiner is also Chair of the Town Republican Committee.

fill an office for an "Unexpired Term", granting the elected candidate the right to serve a full term disenfranchises the voters who relied on the representation that they were voting to fill an unexpired term (see, Nocca v Moczydlowski, 154 AD2d 636). In this case, the ballot unequivocally stated that Jordan was running to fill an "Unexpired Term", which is materially distinguishable from the ambiguous statement in the Munnelly case (supra) that the election was "to fill a vacancy". In addition, the verified petition contains undisputed allegations by voters that they relied on and were misled by the representation that they were voting to fill an unexpired term, a factor which we expressly found lacking in Munnelly. The record, therefore, conclusively demonstrates that voters would be disenfranchised if Jordan were permitted to serve a full term rather than the unexpired term to which the voters believed they were electing him.

The right to vote is guaranteed by NY Constitution, article II, § 1 and, significantly, the Constitution proscribes disenfranchisement (NY Const, art I, § 1). In view of the fundamental nature of the constitutional right guaranteed by article II, § 1, we conclude that the constitutionally mandated four-year term of office for Town Justices must yield to the express constitutional proscription against disenfranchisement where, as here, the voters elect a Town Justice in reliance on a ballot which expressly states that the election is to fill an "Unexpired Term". McCord therefore acted contrary to law in determining that the office of Town Justice is not among the Town offices to be voted at the November 2, 1999 general election.

Mikoll, J. P., Yesawich Jr., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and respondent Diane L. McCord is hereby directed to transmit to the Ulster County Board of Elections within two days of the date of this Court's decision an amended certificate which includes the office of Town Justice of the Town of Esopus among the Town of Esopus offices to be voted at the November 2, 1999 general election.