■ In the Matter of MARJORIE GAFFNEY, Appellant, v TIMMY L. WEINBERG et al., Respondents. [730 NYS2d 248] —In a proceeding pursuant to Election Law § 16-102 to invalidate a petition designating Timmy L. Weinberg, Diana D. Juettner, Paul J. Feiner, and Alfreda A. Williams as candidates in a primary election to be held on September 11, 2001, for the nomination of the Democratic Party as its candidates for the public offices of Councilmember, Councilmember, Supervisor, and Town Clerk, respectively, in the Town of Greenburgh, Westchester County, the petitioners appeal from a final order of the Supreme Court, Westchester County (Barone, J.), entered August 14, 2001, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

Election Law § 6-134, entitled "Designating Petition," provides, in relevant part, that "[i]f two or more offices having the same title are to be filled for different terms, the terms of office shall be included as part of the title of the office" (Election Law § 6-134 [1]). Here, it is clear from the petition that the two candidates are seeking to fill two positions which have identical terms. Therefore, Election Law § 6-134 (1) is not applicable. In any event, there is no justification for invalidating the designating petition under Election Law § 6-134, the provisions of which are to be liberally construed (*see, Matter of Capitano v Kelly,* 242 AD2d 343; Election Law § 6-134 [10]), where there is no evidence of confusion by either potential voters or the Board of Elections. Santucci, J. P., Krausman, Goldstein and Cozier, JJ., concur.