■ In the Matter of JOSEPH B. MOSKALUK et al., Appellants, v GARY SIMPKINS et al., Respondents. [862 NYS2d 669]—

---

Cardona, P.J. Appeal from a judgment of the Supreme Court (Hummel, J.), entered August 11, 2008 in Columbia County, which, among other things, dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioners Thomas E. Reilly and Deborah A. Simonsmeier as (1) the Independence Party candidates for the position of delegate and alternate delegate, respectively, to the Independence Party Judicial District Convention, Third Judicial District, from the 108th Assembly District, and (2) the Independence Party candidates for the position of member of the Independence Party State Committee from the 108th Assembly District in the September 9, 2008 primary election.

On July 14, 2008, petitioners Thomas E. Reilly and Deborah A. Simonsmeier (hereinafter collectively referred to as petitioners) filed a designating petition nominating them as the Independence Party candidates for the position of delegate and alternate delegate, respectively, to the Independence Party Judicial District Convention, Third Judicial District, from the 108th Assembly District and, further, as the Independence Party candidates for the position of member of the Independence Party State Committee from the 108th Assembly District. Respondent Gary Simpkins, a registered voter in the Independence Party in the Town of Kinderhook, 108th Assembly District, filed objections contending, insofar as is relevant to this appeal, that the foregoing petition was improperly filed with the Columbia County Board of Elections (hereinafter the Board). The Board sustained that objection and invalidated the petition, finding that Election Law § 6-134 (1) precluded the filing of a combined petition under the circumstances presented here. Thereafter, petitioners, among others, commenced this proceeding pursuant to Election Law § 16-102 seeking to validate the combined petition only as it pertained to their nominations to the Independence Party State Committee. Supreme Court, among other things, dismissed petitioners' application, prompting this appeal.*

---

* We note that although Simpkins successfully challenged before the Board six designating petitions nominating Independence Party candidates for vari-

The sole issue here is whether Supreme Court properly dismissed petitioners' application to validate that portion of the designating petition nominating them for the position of member of the Independence Party State Committee from the 108th Assembly District. In that regard, Election Law § 6-134 (1) provides, in relevant part, as follows: "A designating petition may designate candidates for nomination for one or more public offices or for nomination for election to one or more party positions or both, *but designations or nominations for which the petitions are required to be filed in different offices may not be combined in the same petition*" (emphasis added). As the 108th Assembly District is not wholly contained within a single county, a designating petition seeking to nominate a candidate from that district for the position of delegate to the Independence Party Judicial District Convention must be filed with the State Board of Elections (*see* Election Law § 6-144; *Matter of Michaels v New York State Bd. of Elections*, 154 AD2d 873, 874-875 [1989]). In contrast, membership in the Independence Party State Committee is determined on a county-by-county basis; consequently, a designating petition nominating a candidate for such position must be filed with the relevant county board of elections (*see* Election Law § 6-144).

Although petitioners concede that the combined designating petition, insofar as it pertains to the judicial delegate positions, was improperly filed, they nonetheless urge this Court to, in effect, excise or sever the offending portion of the petition and deem the balance thereof—nominating petitioners as the Independence Party candidates for the position of member of the Independence Party State Committee—as valid and properly filed with the Board. The plain language of Election Law § 6-134 (1) does not permit such relief (*see Matter of McGough v Todd*, 51 Misc 2d 255, 256 [1966, Simons, J.] [petition deemed void on its face "because it improperly combined candidacies requiring filing in different offices, which is prohibited by statute"]). Because the candidacies should not have been combined in the same petition in the first instance, we must hold that the designating petition was invalid at the outset and cannot thereafter be separated as requested by petitioners.

To the extent that petitioners argue that this interpretation of Election Law § 6-134 (1) is contrary to public policy and, further, that the statute should be construed in light of amendments to the Election Law designed to facilitate ballot access

---

ous positions, Supreme Court ultimately determined that Simpkins had standing to challenge only the combined petition before us. No cross appeal from that judgment was filed.

(*see generally* Election Law § 6-134 [10]), we note that the subject provision of the statute is clear and unambiguous on its face and the failure to conform with its requirements constitutes a fundamental flaw in the petition, which cannot be cured by the application of Election Law § 6-134 (10). Accordingly, we find petitioners' various arguments to be unpersuasive.

Spain, Lahtinen and Malone Jr., JJ., concur.

Stein, J. (dissenting). I respectfully dissent. In my opinion, while a technical reading of Election Law § 6-134 (1) could lead to the result reached by the majority, such a result is contrary to the Election Law Reform Act of 1992 (*see* L 1992, ch 79) and the Ballot Access Reform Act of 1996 (*see* L 1996, ch 709) and would render meaningless the provisions of Election Law § 6-134 (10). In particular, in signing the 1996 reform legislation, the Governor stated that "[b]y eliminating a myriad of technicalities that have long been used to invalidate petitions and signatures for reasons having nothing to do with whether a signatory of a petition was qualified to do so, this legislation will help ensure that all our citizens have a fair opportunity to obtain access to the ballot" (Governor's Mem, 1996 McKinneys Session Laws of NY, at 1939). Furthermore, Election Law § 6-134 (10) requires that the provisions of Election Law § 6-134 (1) "be liberally construed, not inconsistent with substantial compliance thereto and the prevention of fraud." Thus, the overall purpose of these provisions is "to make the petition process less complicated and more equitable for all candidates" (*Matter of Collins v Kelly*, 253 AD2d 571, 572 [1998]) and to avoid disenfranchising voters as the result of a violation of a technical requirement (*see id.*).

Here, there is no allegation that, other than the defect at issue, the petition fails to comply with any other technical requirement of the Election Law. Moreover, it is undisputed that there is no fraud or deception involved (*compare Matter of Hogan v Goodspeed*, 196 AD2d 675, 678 [1993]) and that the proposed designations represent the will of the voters. Obviously, that will cannot be recognized by validating the entire petition, as it would be impossible to file the original in two separate boards of election—and that result would clearly violate Election Law § 6-134 (1). However, Election Law § 6-134 (1) does not set forth a penalty for its violation and I find nothing in the language of the statute that would prohibit us from validating the designations that were properly filed.* Furthermore, the result reached by the majority could disenfranchise all members of the Inde-

---

* Thus, while I agree, as the majority suggests, that if the Legislature had amended the statute to specifically provide that the consequences of failing to

pendence Party in the 108th Assembly District in Columbia County from having representation on that party's State Committee with respect to the September 9, 2008 primary election, a result that is clearly inconsistent with the purposes of the Ballot Access Reform Act of 1996. Therefore, I would modify the judgment of Supreme Court accordingly.

Ordered that the judgment is affirmed, without costs.

(August 28, 2008)

comply with its provisions was invalidation of the entire petition, we would be constrained to "hold that the designating petition was invalid at the outset and cannot thereafter be separated," I do not find the absence of such legislative action to be an obstacle to our ability to validate the petition insofar as it designates candidates for member of the Independence Party State Committee.