OPINION OF THE COURT
William J. Giacomo, J.
Petitioners, Lyndon D. Williams, Helen M. Blackwood, Marcus A. Griffith, Eileen M. Justino, Jennifer A. Sampson, Debra A. Stern and Collie N. Edwers (Williams, Blackwood, Griffith, Justino, Sampson, Stern and Edwers, collectively petitioners; Justino, Sampson, Stern and Edwers, also collectively referred to as the aggrieved candidates), brought this Election Law proceeding[1] seeking to validate the designating petition of the aggrieved candidates after a determination by the respondent Westchester County Board of Elections (the BOE) that there was an overdesignation for the public office of Council Member for the City Council of the City of Mount Vernon, New York. It was found that the designating petition violated Election Law § 6-134 (3) and it was rejected.
After oral argument/hearing held on August 3, 2009, a supplemental hearing on August 10, 2009, wherein the court took testimony, and the review of all the submissions and evidence, this court denies the petition.
Background
On May 29, 2009, the Clerk of the City of Mount Vernon issued an amended certification designating the public offices which were to be filled at the November 3, 2009 general election. Among those offices were three City Council Member seats for full terms to expire on December 31, 2013 and one City Council Member seat for the “Unexpired Complete Term of Loretta Hottinger” to expire on December 31, 2011[2] (the certification of office).
*789 All four of the aggrieved candidates are Democratic Party candidates for the office of Council Member. At issue is the designating petition filed by Omar Boucher with the BOE on July 14, 2009 in support of the following candidates, among others: Eileen M. Justino for the public office of “Councilperson”; Jennifer A. Sampson for the public office of “Councilperson”; Debra A. Stern for the public office of “Councilperson” and Collie N. Edwers for the public office of “Councilperson” (the designating petition). On its face, the designating petition fails to indicate that any one person designated was running for the unexpired term of Ms. Hottinger.
In response to this designating petition, 32 general objections dated July 17, 2009 were filed with the BOE on July 17, 2009 relating to the aggrieved candidates. Objectors-respondents Samuel L. Rivers and Rosemarie M. Jarosz[3] thereafter timely filed specifications of objections.
After a review of the designating petition filed by Mr. Boucher, on July 20, 2009, the Commissioners of the BOE found that the designating petition “for the public office of Council Member, City of Mount Vernon” constituted
“an over designation for the public office of Council-member. According to the Amended Certificate of Office form dated May 29, 2009 and received at the Board of elections on June 4, 2009 from the Mount Vernon City Clerk, there are only three (3) Full term Councilmember seats and one (1) Unexpired Term Councilmember seat. According to the [M]ount Vernon Democratic Party Designating petition filed on July 14, 2009, you have designated four (4) people for the three (3) Full Term Councilmember seats. “Since there are only three (3) Full Term Council-member seats, the Board has ruled that the candidate names of Eileen M. Justino, Jennifer M. Sampson, Debra A. Stern and Collie N. Edwers will not appear for the public office of Councilmember for the City of Mount Vernon on the Democratic Party primary ballot on September 15, 2009.” (July 20, 2009 determination of the BOE [hereinafter the BOE determination].)
*790 On July 23, 2009, the aggrieved candidates filed a verified petition and procured the issuance of an order to show cause from this court. The proceeding was returnable on August 3, 2009, at which time petitioners filed an affirmation of service that verified the instant action was commenced in a timely fashion. (Election Law § 16-102; see also Matter of Marino v Orange County Bd. of Elections, 307 AD2d 1011, 1012 [2d Dept 2003].)
On the return date, respondent BOB served an answer to the petition[4] as did objectors-respondents Jarosz and Rivers whose answer was joined by objectors-respondents Karen Watts, Yuhanna J. Edwards and Tamika A. Coverdale (Jarosz, Rivers, Watts, Edwards and Coverdale collectively the objectors-respondents).
All parties stipulated that the instant petition required that the court determine two legal issues. To wit, the parties request a legal determination as to whether:
(1) the designating petition of Mr. Boucher constitutes an overdesignation in violation of Election Law § 6-134 (3), which defect cannot be cured and requires the invalidation of the designating petition; or
(2) the designating petition merely fails to comply with Election Law § 6-134 (1) and whether such defect is curable.
Respondents take the position that the designating petition constitutes an overdesignation which cannot be cured.
Petitioners argue that there is no overdesignation. They assert that the office which is at issue is the position of Council Member. They argue since there are four Council Member positions available, the fact that the designating petition names four individuals as candidates for four positions is appropriate and not an overdesignation.[5] Petitioners do concede, however, that since there are two offices having the same title for different terms to be filled, the designating petition fails to comply with Election Law § 6-134 (1), since the designating petition does not include the term of office as part of the title of the office for each candidate. Nonetheless they argue that this defect is curable.[6]
*791 Discussion
Election Law § 6-134, which controls designating petitions, provides in relevant part as follows:
“1. A designating petition may designate candidates for nomination for one or more different public offices or for nomination for election to one or more party positions or both, but designations or nominations for which the petitions are required to be filed in different offices or petitions for the same public office or party position in different political subdivisions may not be combined in the same petition. If two or more offices having the same title are to be filled for different terms, the terms of office shall be included as part of the title of the office. . . .
“3. If a voter shall sign any petition or petitions designating a greater number of candidates for public office or party position than the number of persons to be elected thereto his signatures, if they bear the same date, shall not be counted upon any petition, and if they bear different dates shall be counted in the order of their priority of date, for only so many designees as there are persons to be elected. . . .
“10. The provisions of this section shall be liberally construed, not inconsistent with substantial compliance thereto and the prevention of fraud.” (Emphasis supplied.)
“While substantial compliance is acceptable as to details of form, there must be strict compliance with statutory commands as to matters of prescribed content.” (Matter of Hutson v Bass, 54 NY2d 772, 774 [1981].)
Thus, it is well settled that a designating petition which over-designates in violation of Election Law § 6-134 (3) is a fatal defect that cannot be cured. (Matter of DeCicco v Chemung County Bd. of Elections, 93 NY2d 1008 [1999]; Matter of Powers v Coughlin, 268 NY 623 [1935]; Matter of Finnegan v Cohen, 177 Misc 142 [Sup Ct, NY County 1941], affd without op 262 App Div 955 [1st Dept 1941]; see also Matter of Bruno v Lefever,
*792 112 AD2d 1074 [2d Dept 1985] [refusing to apply the strict construction of Election Law § 6-134 (3) requiring voiding an overdesignated petition to an opportunity to ballot under Election Law § 6-164]; Matter of Hunt v Payton, 218 AD2d 774, 775 [2d Dept 1995], lv denied 86 NY2d 704 [1995]; 49 NY Jur 2d, Elections § 282 [“Single petition for more than one office or position; overdesignation”]; Wos v Ashworth, 16 Misc 3d 1134[A], 2007 NY Slip Op 51694[U] [Sup Ct, Rensselaer County 2007]; Giachetti v Orsini, 2001 NY Slip Op 40365[U] [Sup Ct, Kings County 2001].)
In contrast, it has been held that the specific provisions of Election Law § 6-134 (1) that are at issue herein are “to be liberally construed.” (Matter of Gaffney v Weinberg, 286 AD2d 457 [2d Dept 2001], citing Matter of Capitano v Kelly, 242 AD2d 343 [2d Dept 1997]; Election Law § 6-134 [10].) This was a drastic change from the days prior to the Election Reform Act of 1992. Then, case law mandated the invalidation of a designating petition in situations where two identical offices were available for two different terms and the designating petition failed to state for which term the candidate was nominated. (See Matter of King v McNab, 14 AD2d 808 [2d Dept 1961], affd 10 NY2d 887 [1961]; Matter of Bullock v Van Wart, 25 NY2d 812 [1969].)
The Gaffney and Capitano cases are the only two reported cases this court could find that interpreted the effect of the specific statutory provision at issue here, i.e., “If two or more offices having the same title are to be filled for different terms, the terms of office shall be included as part of the title of the office.” (Election Law § 6-134 [l].)[7] 8In both these cases the Court held that the designating petitions therein did not violate this specific provision.
In the Gaffney case, one petition was submitted on behalf of two candidates for the positions of town council member. While not stated in the appellate court decision, the briefs submitted by the parties in Gaffney[8] inform that there were three council positions available, two were for full four-year terms and the *793 third to fill the unexpired two-year term left vacant. These briefs clarify that the designating petition only named the two candidates and did not include as part of the title of office which term these two candidates were pursuing. The Second Department held:
“Election Law § 6-134, entitled ‘Designating Petition,’ provides, in relevant part, that ‘[i]f two or more offices having the same title are to be filled for different terms, the terms of office shall be included as part of the title of the office’ (Election Law § 6-134 [1]). Here, it is clear from the petition that the two candidates are seeking to fill two positions which have identical terms. Therefore, Election Law § 6-134 (1) is not applicable. In any event, there is no justification for invalidating the designating petition under Election Law § 6-134, the provisions of which are to be liberally construed . . . , where there is no evidence of confusion by either potential voters or the Board of Elections.” (Matter of Gaffney v Weinberg, 286 AD2d at 457.)
In Capitano, the Second Department also refused to invalidate a designating petition on the allegation that it failed to comply with Election Law § 6-134 (1). There, because of how the local city code set a method to determine term lengths that could not be determined until after the election when the votes were counted,[9] the argument that the petitions failed to comply with the statute lacked merit. The Court further held that since Election Law § 6-134 was to be liberally construed, “the omission from the designating petitions of the terms of office is not consequential.” (Matter of Capitano v Kelly, 242 AD2d 343, 344 [1997].)
Conversely, in this case the omission from the designating petition of the terms of office sought by the aggrieved candidates caused confusion, at the very least, with the BOE. At the hearing convened by this court on August 10, 2009, Carolee C. Sunderland, the Republican Commissioner of the Westchester County Board of Elections, testified that when the certification of office was received from the Mount Vernon City Clerk, all of the elected positions that were available to be filled were entered *794 into the computer program utilized by the BOE. Thereafter, to prepare ballots, when the various designating petitions were filed with the BOE, the names of the candidates, along with the positions they were seeking to fill were inputted into the program. As Ms. Sunderland testified, unless the designating petition expressly states that a candidate is seeking to fill a limited term, it is presumed and treated as if the candidate designated is seeking a full term. Thus, the listing of the aggrieved candidates for the office of Council Member without a limiting term designation connotes a full four-year term of office. In considering the designating petition of these aggrieved candidates, the BOE could not enter the names of all four of the aggrieved candidates for the term of Council Member in Mount Vernon because there were only three full-term Council Member positions available. Thus the designating petition was not validated since it constituted an overdesignation pursuant to Election Law § 6-134 (3).
In this case, even when liberally construing the specific statutory provision at issue here, i.e., “If two or more offices having the same title are to be filled for different terms, the terms of office shall be included as part of the title of the office” (Election Law § 6-134 [1]), the failure to delineate which of the aggrieved candidates were running for full terms, and which one of the aggrieved candidates was running for the unexpired term, does not save the designating petition.
Here, unlike in Capitano, there is no method within the Mount Vernon City Charter, or in any statute, rule or regulation that sets a method to determine term lengths after the election.
Further, unlike in Gaffney, where the designating petition filed was in nomination of two candidates for three council positions, here the designating petition nominates four candidates for the four available Council Member positions set forth in the certification of office issued by the Mount Vernon City Clerk, and it is not clear on the face of the designating petition which of the aggrieved candidates were running for full term,[10] and which one of the aggrieved candidates was running for the unexpired term. Unlike Gaffney, where the Court held that *795 Election Law § 6-134 (1) had no application because the designating petition was clear as to the office being sought and the terms to be filled by the designated candidates (Matter of Gaffney v Weinberg, supra), the same is not true in the matter at bar.
Indeed, this court holds that as a matter of law, absent a designation of a shorter unexpired term, it is to be presumed that the full term of the office is sought.
At the hearing convened by this court on August 10, 2009, Board of Elections Commissioner Sunderland confirmed during her testimony that this procedure was followed by the BOE. Furthermore, established case law supports this conclusion. (See Matter of Gaffney v Weinberg, supra.) Still further, the Mount Vernon City Charter supports this procedure. (See Mount Vernon City Charter, art iy § 16 [the office of Mount Vernon Council Member carries an established term of four years].) Support may also be found in the certification of office which lists each of the four Council Member positions available on separate lines, including the unexpired term position, thus connoting that the unexpired term position was not the “same office” as the full term positions as argued by petitioners. The “title of office to be filled” may be the same, but all similarity ends there. Thus the designating petition is invalid and violates Election Law § 6-134 (1) and is not curable.
Moreover, because this court will presume that the full term of office was sought by each of the aggrieved candidates, the designating petition is also invalid for its violation of Election Law § 6-134 (3), as held in the BOE determination. This over-designation is a fatal defect and not curable. Consequently, petitioners’ proposition to cure the confusion caused by the designating petition, i.e., that this court should permit the aggrieved candidates to determine among themselves who is running for full term, and who is running for the unexpired term, is rejected. Such proposal is the equivalent of permitting an overdesignated petition to be cured by declination. It is well settled that a designating petition which overdesignates in violation of Election Law § 6-134 (3) cannot be cured by mere declination. (Matter of Powers v Coughlin, 268 NY 623 [1935]; Matter of Finnegan v Cohen, 177 Misc 142 [1941]; Matter of Elgin v Smith, 10 AD3d 483 [4th Dept 2004].)
Conclusion
This court rules that the designating petition filed on behalf of the aggrieved candidates violates Election Law § 6-134 *796 (1) and cannot be cured and also violates Election Law § 6-134 (3).
Accordingly, the petition to validate the designating petition of Eileen M. Justino, Jennifer A. Sampson, Debra A. Stern and Collie N. Edwers is denied.
It is hereby ordered that the verified petition of aggrieved candidates Eileen M. Justino, Jennifer A. Sampson, Debra A. Stern and Collie N. Edwers to validate the designating petition designating them as candidates for the public office of Mount Vernon City Council Member at the Democratic Party primary election to be held on September 15, 2009, is denied.

. The instant petition was submitted and returnable simultaneously with a companion petition, Matter of Detres, Plummer, Justino, Sampson, Stern and Edwers v Westchester County Board of Elections and Apuzzo, Watts, Munro, Edwards, Walker, Rivers, Gadson and Jarosz (index No. 16415/2009). In that companion petition, the petitioners in the instant proceeding seek to invalidate the designating petitions of their political adversaries.

. Other offices noticed to he filled were those of Comptroller and City Court Judge. Indeed, the designating petition at issue here also was submitted in support of Lyndon D. Williams for the public office of “County Legislator 13th District”; Helen M. Blackwood for the public office of “City Court Judge”; and Marcus A. Griffith for the public office of “Comptroller.” On July 24, 2009, the Commissioners of the BOE validated the designating petition with regard to the candidacies of Lyndon D. Williams, Helen M. Blackwood, *789 and Marcus A. Griffith; thus the petitioners have withdrawn the instant petition as it relates to those candidates.

. Both Rivers and Jarosz are also running for Mount Vernon City Council, Ms. Jarosz for the “Unexpired Complete Term of Loretta Hottinger” to expire on December 31, 2011.

. A cross petition was also filed, but subsequently withdrawn.

. Petitioners claim that an overdesignation would exist only if five names were listed when there were only four seats available. However, they cite no authority for this position other than the statute at issue.

. Petitioners further argue that the designating petitions of their political adversaries, other than Rosemarie M. Jarosz and Diane Munro, share com *791 mon deficiencies. Petitioners argue that if the court were to invalidate all the designating petitions for failure to comply with Election Law § 6-134 (1) all candidates, other than Rosemarie M. Jarosz and Diane Munro (whose designating petitions include the term of office they are seeking), would have to be omitted from the ballot.

. This language was added to Election Law § 6-134 (1) in 1996 (L 1996, ch 709, § 3), at the same time as subdivision (10), which provides that the provisions of Election Law § 6-134 “shall be liberally construed, not inconsistent with substantial compliance thereto and the prevention of fraud.”

. The briefs of the appellants and respondents are available through Westlaw (brief for petitioners-appellants in Matter of Gaffney v Weinberg, 286 AD2d 457 [2001], available at 2001 WL 34686401; brief for respondents-respondents in Matter of Gaffney v Weinberg, 286 AD2d 457 [2001], available at 2001 WL 34684144).

. The city code provided that the terms of office of the three city council member seats were to be determined by the number of votes received, with the two candidates receiving the greatest and second greatest number of votes, respectively, being elected to serve four-year terms, while the candidate who receives the third greatest number of votes was to serve a two-year term.

. Indeed, a review of the City Charter mandates that a candidate running for City Council Member serves for a full term unless elected to fill a vacancy. Thus, unless the petition filed indicates which candidate is running to fill a vacancy, the Charter mandates that all candidates are running for a full term. (See Mount Vernon City Charter, art IV § 16.)