■ In the Matter of RONALD DETRES et al., Appellants, v WESTCHESTER COUNTY BOARD OF ELECTIONS et al., Respondents. [888 NYS2d 61]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate (1) a petition designating Michelle S. Walker and Samuel L. Rivers as candidates in a primary election to be held on September 15, 2009, for the nomination of the Democratic Party as its candidates for the public office of Member of the Mount Vernon City Council, (2) a petition designating Sylvia Gadson as a candidate in a primary election to be held on September 15, 2009, for the nomination of the Democratic Party as its candidate for the public office of Member of the Mount Vernon City Council, (3) a petition designating Roberta L. Apuzzo, Karen Watts, and Yuhanna J. Edwards as candidates in a primary election to be held on September 15, 2009, for the nomination of the Democratic Party as its candidates for the public office of Member of the Mount Vernon City Council, (4) a petition designating Roberta L. Apuzzo, Yuhanna J. Edwards, and Samuel L. Rivers as candidates in a primary election to be held on September 15, 2009, for the nomination of the Conservative Party as its candidates for the public office of Member of the Mount Vernon City Council, and (5) a petition designating Roberta L. Apuzzo and Yuhanna J. Edwards as candidates in a primary election to be held on September 15, 2009, for the nomination of the Republican Party as its candidates for the public office of Member of the Mount Vernon City Council, the petitioners appeal from a final order of the Supreme Court, Westchester County (Giacomo, J.), entered August 10, 2009, which, after a hearing, denied the petition, inter alia, to invalidate and dismissed the proceeding.

Ordered that the final order is modified, on the law, (1) by deleting the provision thereof denying those branches of the petition which were to invalidate the petition designating Michelle S. Walker and Samuel L. Rivers as candidates in the primary election to be held on September 15, 2009, for the nomination of the Democratic Party as its candidates for the public office of Member of the Mount Vernon City Council insofar as it pertains to those candidates, and substituting therefor a provision granting those branches of the petition, and (2) by deleting the provision thereof denying that branch of the petition which was to invalidate the petition designating Sylvia Gadson as a candidate in the primary election to be held on September 15, 2009, for

the nomination of the Democratic Party as its candidate for the public office of Member of the Mount Vernon City Council and substituting therefor a provision granting that branch of the petition; as so modified, the final order is affirmed, without costs or disbursements, and the Westchester County Board of Elections is directed to remove the names of Michelle S. Walker, Samuel L. Rivers, and Sylvia Gadson as candidates in the primary election to be held on September 15, 2009, for the nomination of the Democratic Party as its candidates for the public office of Member of the Mount Vernon City Council from the appropriate ballots.

The Clerk of the City of Mount Vernon certified that four City Council seats were to be filled at the upcoming primary election: three full-term seats expiring on December 31, 2013, and one unexpired-term seat expiring on December 31, 2011. It is uncontested that the petition designating the respondents Michelle S. Walker and Samuel L. Rivers, and the petition designating the respondent Sylvia Gadson, respectively, as candidates in the primary election to be held on September 15, 2009, for the nomination of the Democratic Party as its candidate for the public office of Member of the Mount Vernon City Council failed to specify the term of office for which each candidate was running. The remaining designating petitions at issue on this appeal all distinguished the candidates running for full-term seats from those running for the unexpired-term seat.

Contrary to the conclusion of the Supreme Court, a "liberal" reading of Election Law § 6-134 (1) does not abrogate the statutory requirement that "[i]f two or more offices having the same title are to be filled for different terms, the terms of office shall be included as part of the title of the office" (Election Law § 6-134 [1]). Although substantial compliance, in the absence of fraud or confusion, may justify the validation of a designating petition that is otherwise defective with respect to its form (*see Matter of Magelaner v Park*, 32 AD3d 487, 488 [2006]; *Matter of Gaffney v Weinberg*, 286 AD2d 457 [2001]), the Westchester County Board of Elections "is not empowered to authorize, implicitly or explicitly, non-compliance with the strictures set forth by the Legislature in section 6-134" (*Matter of Smith v Mahoney*, 60 NY2d 596, 597 [1983]; *see Matter of Hutson v Bass*, 54 NY2d 772, 774 [1981]; *Matter of Brosnan v Black*, 104 AD2d 469, 470-471 [1984]).

In the absence of substantial compliance and for the reasons stated in our decision and order on the companion appeal (*see Matter of Williams v Westchester County Bd. of Elections*, 65 AD3d 653 [2009] [decided herewith]), the Supreme Court erred

in denying those branches of the petition which were to invalidate the petition designating Michelle S. Walker and Samuel L. Rivers, insofar as it pertains to those candidates, and the petition designating Sylvia Gadson, as candidates in the primary election to be held on September 15, 2009, for the nomination of the Democratic Party as its candidates for the public office of Member of the Mount Vernon City Council (*see* Election Law § 6-134 [1]; *Matter of Bullock v Van Wart*, 25 NY2d 812, 814 [1969]; *Matter of King v McNab*, 14 AD2d 808, 809 [1961]). However, the Supreme Court properly denied those branches of the petition which were to invalidate the remaining designating petitions inasmuch as those petitions were "sufficiently informative to describe the office for which [each of the candidates] sought candidacy," thereby substantially complying with the dictates of Election Law § 6-134 (1) (*Matter of Marcoccia v Garfinkle*, 307 AD2d 1010, 1011 [2003] [internal quotation marks omitted]; *see Matter of Gaffney v Weinberg*, 286 AD2d at 457; *Matter of Capitano v Kelly*, 242 AD2d 343, 344 [1997]).

The respondents' remaining contention is without merit. Skelos, J.P., Florio, Covello, Balkin and Austin, JJ., concur.