In the Matter of LYNDON D. WILLIAMS et al., Petitioners, and EILEEN M. JUSTINO et al., Appellants, v WESTCHESTER COUNTY BOARD OF ELECTIONS et al., Respondents. [888 NYS2d 60]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Eileen M. Justino, Jennifer A. Sampson, Debra A. Stern, and Collie N. Edwers as candidates in a primary election to be held on September 15, 2009, for the nomination of the Democratic Party as its candidates for the public office of Member of the Mount Vernon City Council, Eileen M. Justino, Jennifer A. Sampson, Debra A. Stern, and Collie N. Edwers appeal from a final order of the Supreme Court, Westchester County (Giacomo, J.), entered August 10,

2009, which, after a hearing, denied the petition, inter alia, to validate and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

A designating petition must include the title of the office for which a candidate is running (*see* Election Law § 6-132 [1]; *Matter of Smith v Mahoney,* 60 NY2d 596, 597 [1983]; *Matter of Packer v Board of Elections of City of N.Y.,* 207 AD2d 513, 514 [1994]). Election Law § 6-134 provides, in relevant part, that "[i]f two or more offices having the same title are to be filled for different terms, the terms of office shall be included as part of the title of the office" (Election Law § 6-134 [1]; *see Matter of Gaffney v Weinberg,* 286 AD2d 457 [2001]; *Matter of Capitano v Kelly,* 242 AD2d 343, 344 [1997]).

"While substantial compliance is acceptable as to details of form, there must be strict compliance with statutory commands as to matters of prescribed content" (*Matter of Hutson v Bass,* 54 NY2d 772, 774 [1981]; *see Matter of Smith v Mahoney,* 60 NY2d at 597; *Matter of Rhodes v Salerno,* 57 NY2d 885, 887 [1982]; *Matter of Justice v Gamache,* 45 AD3d 508, 511 [2007]). When such prescribed content is mandated by a statute that is "clear and unambiguous on its face . . . the failure to conform with its requirements constitutes a fundamental flaw in the petition, which cannot be cured by the application of Election Law § 6-134 (10)" (*Matter of Moskaluk v Simpkins,* 54 AD3d 533, 535-536 [2008]; *see Matter of Hutson v Bass,* 54 NY2d at 774).

By its own terms, Election Law § 6-134 (1) does not require the inclusion of an office's term in every instance, and a candidate's designating petition may, given particular facts, be "sufficiently informative to describe the office for which he sought candidacy" (*Matter of Marcoccia v Garfinkle,* 307 AD2d 1010, 1011 [internal quotation marks omitted]; *see Matter of Gaffney v Weinberg,* 286 AD2d 457 [2001]; *Matter of Capitano v Kelly,* 242 AD2d at 344). However, we are mindful that voters and signers alike may take into account whether a candidate seeks a full term or the balance of an unexpired term (*see Matter of Weiner v McCord,* 264 AD2d 864, 865-866 [1999]; *Nocca v Moczydlowski,* 154 AD2d 636, 636 [1989]), and "where two identical offices are to be filled but for different terms—a nominating petition which fails to state for which one of the two offices the candidate has been nominated, is fatally defective" (*Matter of King v McNab,* 14 AD2d 808, 809 [1961], *affd* 10 NY2d 887 [1961]; *see Matter of Bullock v Van Wart,* 25 NY2d 812, 814 [1969], *affg* 32 AD2d 793, 794 [1969]).

The Clerk of the City of Mount Vernon certified that four Council seats were to be filled at the upcoming primary election: three full-term seats expiring on December 31, 2013, and one unexpired-term seat expiring on December 31, 2011. It is uncontested that the appellants' designating petition omitted the term of office for which each candidate was running. Accordingly, the Supreme Court properly denied the petition, inter alia, to validate and dismissed the proceeding (*see* Election Law § 6-134 [1]; *Matter of Bullock v Van Wart*, 25 NY2d at 814; *Matter of King v McNab*, 14 AD2d at 809).

The appellants' remaining contentions are without merit. Skelos, J.P., Florio, Covello, Balkin and Austin, JJ., concur.