# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

883

CAE 15-01318

PRESENT: SCUDDER, P.J., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DEAN E. LAPP, II,
PETITIONER-RESPONDENT,

                    V                                 MEMORANDUM AND ORDER

PETER SMOLINSKI, RESPONDENT-APPELLANT,
LORA ALLEN AND JENNIFER FRONCZAK, AS COMMISSIONERS
CONSTITUTING NIAGARA COUNTY BOARD OF ELECTIONS,
RESPONDENTS-RESPONDENTS.

---

JOSEPH F. TOWNSEND, LOCKPORT, JEROME D. SCHAD, WILLIAMSVILLE, FOR
RESPONDENT-APPELLANT.

LAW OFFICE OF HENRY F. WOJTASZEK, NIAGARA FALLS (HENRY F. WOJTASZEK OF
COUNSEL), FOR PETITIONER-RESPONDENT.

CLAUDE A. JOERG, COUNTY ATTORNEY, LOCKPORT (JOSEPH BURNS OF COUNSEL),
FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered August 6, 2015 in a proceeding pursuant to the Election Law.  The order granted the petition in part and directed the Niagara County Board of Elections to strike respondent Peter Smolinski's name from the official ballots for the 2015 Republican Party and Democratic Party primary elections for the North Tonawanda Alderman-at-Large, four-year term.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner commenced this proceeding seeking, as relevant on appeal, an order invalidating designating petitions filed on July 8, 2015, pursuant to which Peter Smolinski (respondent) sought to be placed on the primary election ballots for the Republican Party and Democratic Party as a candidate for one of two offices, with different terms, for Alderman-at-Large on the North Tonawanda Common Council.  We conclude that Supreme Court properly granted the petition in part.  As a preliminary matter, we note that, pursuant to Election Law  § 16-102 (2), petitioner was required to commence this proceeding "within fourteen days after the last day to file the [designating] petition[s]."  Here, the last day on which to file the designating petitions was July 9, 2015 and, thus, the statutory limitations period expired on July 23, 2015.  Contrary to respondent's contention, the proceeding was timely commenced because the order to

show cause and petition were properly served on respondent in accordance with the court's order (*see* § 16-116), i.e., affixed to the door of respondent's residence and mailed via United States Postal Service Express Mail on July 22, 2015, the day before the last day of the statutory limitations.  That method of service was "reasonably calculated to give notice" to respondent within the statutory limitations period (*Matter of Contessa v McCarthy*, 40 NY2d 890, 891; *cf. Matter of Buhlmann v LeFever*, 83 AD2d 895, 896, *affd for reasons stated* 54 NY2d 775).  With respect to the merits, Election Law § 6-134 (1) provides in relevant part that, "[i]f two or more offices having the same title are to be filled for different terms, the terms of office shall be included as part of the title of the office."  Here, the court properly determined that the designating petitions were " 'fatally defective' " inasmuch as they omitted the terms of office for which respondent sought to run (*Matter of Williams v Westchester County Bd. of Elections*, 65 AD3d 653, 654).

Entered: August 19, 2015

Frances E. Cafarell
Clerk of the Court